Opinion by
 

 Baldkige, J.,
 

 Norman Bur all was charged with violating the provisions of section 903 of the Vehicle Code of May 1, 1929, P. L. 905, art. IX, as amended by the Act of June 27, 1939, P. L. 1135, §22 (e), 75 P. S. §453, in driving a four-wheeled motor truck in the borough of Green-castle, Franklin County, that had a gross weight of 19,910 pounds on the rear axle, which was more than 10% in excess of the maximum gross weight of 18,000 pounds permissible on any axle of such a vehicle.
 

 The defendant appeared before a justice of the peace, G. Fred Zeigler, Esq., with whom the information was lodged, waived a hearing, posted a bond and took an appeal to the Court of Quarter Sessions of Franklin County, where a hearing de novo was had. Defendant moved the court to dismiss the case alleging: (1) that the information and record of the justice of the peace failed to show that he was the nearest available justice within the municipal subdivision in which the alleged violation occurred, thus violating the provisions of the Act of 1939, supra, P. L. 1135, §31, 75 PS §731; (2) that the record of the justice of the peace failed to show that a notice to appear within 10 days and a copy of the information had been mailed to him as required by the Act of May 1, 1929, P. L. 905, art. XII, §1202, as finally
 
 *527
 
 amended by the Act of June 29,1937, P. L. 2329, §3 (a), 75 PS
 
 §732(a);
 
 and (3) that the evidence was insufficient to sustain a conviction. The motion was denied and the court adjudged the defendant guilty and sentenced him to pay a fine of f 10 and costs.
 

 In the appeal that followed to this court the appellant raises the same questions as he did in the court below. We will consider them in the order mentioned.
 

 Section 1201 of the Motor Vehicle Code of 1929, supra, as amended by the Act of 1939, supra, §31 (a), 75 PS §731 (a), provides as follows: “Informations, charging violations of any of the summary provisions of this act, shall be brought before the nearest available magistrate within the city, borough, incorporated town, or township where the alleged violation occurred: Provided, however, That where there is no substantial difference between the respective distances from the place where the alleged violation occurred to the offices of more than one magistrate, any such prosecution may be brought before any one of such
 
 magistrates......”
 

 It appears in the agreed statement of the testimony taken on the hearing in the court below that there was a compliance with the requirements of section 1201, supra, as amended. Officer Mackey, the prosecutor, testified that there are two magistrates maintaining offices in the borough of Greeneastle. One is G. Fred Zeigler, Esq., the justice of the peace in this case, whose office is on the central square. Another justice of the peace maintains his office one-half block further east thereof. There is no substantial difference, therefore, in the distance from where the alleged violation occurred to the office of either of these magistrates. The prosecution was therefore properly brought before Squire Zeigler.
 

 A consideration of the complaint that notice was not given or copy of information served, as required by law, disclosed that notice was given to the appellant to appear. The information sets forth that the defendant is
 
 *528
 
 a resident of Mercersburg and to that address notice was sent by registered mail. A return card, signed by him, shows that he received it and he does not contend otherwise. Furthermore, he appeared before the magistrate and waived a hearing. He certainly was not harmed by the alleged informalities or omissions in the record.
 

 It is true that on
 
 certiorari
 
 to the common pleas the specific facts upon which the jurisdiction of a justice of the peace depends must appear on his record or the transcript:
 
 Com. of Pa. v. Milk Products
 
 Corporation, 141 Pa. Superior Ct. 282, 14 A. 2d 571, and the cases cited therein. But this case did not come to the court of common pleas on a certiorari, it was before the court of quarter sessions on appeal. There is a marked distinction between the questions reviewable on a certiorari, and on appeal from a summary conviction. Upon a certiorari to a justice the only thing before the court of common pleas is the regularity of the proceedings as shown by the record, provided the justice has jurisdiction and is not guilty of misconduct on his part. Upon appeal from a decision of the justice to the court of quarter sessions the cause is decided on its facts and merits only, assuming again, of course, that the justice has jurisdiction:
 
 Swain v.
 
 Brady, 19 Pa. Superior Ct. 459, 462. Judge Keller, now President Judge, very clearly set forth this distinction in
 
 Commonwealth v.
 
 Benson, 94 Pa. Superior Ct. 10, 13.
 

 In view of the defendant’s waiving a hearing and taking an appeal to the quarter sessions he cannot successfully attack the magistrate’s record on the grounds to which we have referred. These alleged omissions are but procedural irregularities, which did not affect the jurisdiction of the justice of the peace. The right to attack the record on technical deficiencies was surrendered by the defendant in taking his appeal:
 
 Commonwealth v.
 
 Hunter, 107 Pa. Superior Ct. 513, 164 A. 113;
 
 Commonwealth v. Scott-Powell
 
 Dairies, 128 Pa. Superior Ct. 598, 601, 602, 194 A. 684.
 

 
 *529
 
 That brings us to the third and last reason advanced by the appellant, namely, that the evidence was insufficient to warrant finding him guilty. The information alleged a gross weight in excess of 18,000 pounds
 
 on
 
 the rear axle as prohibited by section 903(e) of the Act of 1939, supra, 75 PS §453 (e). The evidence showed a weight of 19,910 pounds with the front wheels off the scales and the rear wheels alone resting thereon, or more than 10% above the 18,000 pounds the maximum permitted by law. The appellant argues that weight “on” the axle as used in this section means actual weight resting upon the axle only, and should not include the weight of the rear wheel assembly, tires, etc.
 

 The statute prohibiting excess weight on motor vehicles is penal and is subject to the rule of strict construction:
 
 Commonwealth v. W. Phila. Fidelio Mannerchor,
 
 115 Pa. Superior Ct. 241, 244, 175 A. 434. This does not mean, however, that it is to be given its narrowest meaning if such is directly contrary to the plain intention of the legislature:
 
 Commonwealth v. Bienkowski,
 
 137 Pa. Superior Ct. 474, 9 A. 2d 169;
 
 Commonwealth v. Woods,
 
 136 Pa. Superior Ct. 326, 331, 332, 7 A. 2d 366.
 

 The purpose of statutes prohibiting the use of public highways by motor vehicles of excessive weight is to prevent injury to the public property in the form of damage to roads, bridges^ etc., and further to insure the safety of persons traveling such highways. See
 
 Commonwealth v. Peacock,
 
 118 Pa. Superior Ct. 168, 175, 179 A. 907; and
 
 People v. Linde,
 
 (Ill.), 173 N. E. 361, 72 A. L. R. 997, 1003. Having regard to the plain purpose of such legislation, it is evident that the prohibition of excessive weights includes generally the gross weight of load and vehicle. Damage to the roadway is occasioned by the weight of the load plus the Aveight of the vehicle itself. Section 903(e) of the Motor Vehicle Code prohibits a weight “in excess of eight hundred (800) pounds
 
 on any one wheel,
 
 for each nominal inch
 
 *530
 
 of width of tire on such wheel.” (Italics supplied). When we consider the purpose of the act it is apparent that the weights on the axle and on the wheel, include the weight of the axles and wheels, as the case may be. The act must be given an interpretation consistent with its wording and purpose, which will render its application practicable. While it is quite possible to weigh the load and vehicle separately, the difficulty of weighing wheels and axle separately from the rest of the chassis or body, is apparent. In our opinion the evidence was sufficient to sustain the conviction.
 

 The judgment and sentence of the court below are affirmed.