## Commonwealth v. Conner

*Paul A. Koontz,* for Commonwealth.
*John A. Minnich,* for defendant.

WRIGHT, P. J., July 15, 1944.—Defendant was charged with a violation of section 201 (a) of The Vehicle Code of May 1, 1929, P. L. 905, as amended. He waived summary hearing and gave bond for appearance before the court of quarter sessions. At the hearing, counsel for defendant moved to quash the proceeding on the ground that the information alleged an offense in Everett Borough, whereas the prosecution was brought before a justice of the peace in West Providence Township. The prosecutor testified that neither of the justices of the peace in Everett Borough would accept the case. The Commonwealth contends, first, that the officer was justified under the circumstances in bringing prosecution before a justice of the peace in West Providence Township, which is the surrounding municipality; second, that defendant is precluded from raising the question of jurisdiction in the court of quarter sessions. We feel that our views should be expressed by a written opinion as a matter of future guidance.

Section 1201 (a) of The Vehicle Code of 1929, as amended, provides that informations, charging violations of any of the summary provisions of the act, shall be brought before the nearest available magistrate within the municipality where the alleged violation occurred. It authorizes the bringing of the information before a magistrate in an adjoining municipality only if there is no person holding the office of magistrate in the municipality where the alleged violation occurred. Our courts have uniformly held that this statutory provision must be strictly construed. Among others, see Commonwealth v. Henry, 14 D. & C. 651, Commonwealth v. Stine, 20 D. & C. 682, and Commonwealth v. Thomas, 25 D. & C. 67.

The second question presents more difficulty because there are at least two lower court cases holding that a defendant, charged with a summary offense under

the code, who voluntarily appears before a magistrate and waives hearing, cannot raise the question of jurisdiction before the quarter sessions court: Commonwealth v. Allen, 11 Wash. Co. 129; Commonwealth v. Greene, 40 D. & C. 546. On the other hand, there are a number of cases which hold that the defendant is not precluded from raising the question of jurisdiction. Among others, see Commonwealth v. Myers, 22 D. & C. 586, Commonwealth v. Harned, 25 D. & C. 578, Commonwealth v. Bennett, 32 D. & C. 542, Commonwealth v. Kline, 35 D. & C. 19, and Commonwealth v. Bedding, 38 D. & C. 103. We agree with the latter proposition. If the defendant can be heard only on the merits of the case in the quarter sessions court, such relief is fully afforded him by his right of appeal. The proceeding in question is not an appeal but is intended to remove the whole case. We feel that our conclusion is supported by the case of Commonwealth v. Burall, 146 Pa. Superior Ct. 525, wherein the Superior Court said (p. 528) :

"In view of the defendant's waiving a hearing and taking an appeal to the quarter sessions he cannot successfully attack the magistrate's record on the grounds to which we have referred. These alleged omissions are but procedural irregularities, which did not affect the jurisdiction of the justice of the peace."

The use of the words "taking an appeal" is unfortunate because, as we have pointed out, the procedure is not an appeal. However, the converse of the quoted language clearly indicates that if the irregularity complained of does affect the jurisdiction of the justice of the peace defendant may raise the question in the court of quarter sessions.

We are loath to dispose of this matter on a technicality, but have no alternative as we view the law. Our decision will be a precedent only for cases wherein the magistrate actually does not have jurisdiction.

*Decree*

Now, to wit, July 15, 1944, the motion of defendant's counsel is granted, and the proceeding is quashed, costs to be paid by Bedford County.