## Commonwealth v. Feyka

354

*William Coghlan*, district attorney, for Commonwealth.

*James F. Feyka*, p. p., for defendant.

McCreary, P. J., December 19, 1947.—On November 24, 1947, an information was made against abovenamed defendant by R. A. Gorrell, Chief of Police of the City of Beaver Falls, charging defendant with the summary offense restrictions as to speed, claiming that

defendant violated the provisions of section 1002 (a) of The Vehicle Code of May 1, 1929, P. L. 905, in that "he operated his motor vehicle on Seventh Avenue between Seventeenth and Thirty-fourth Streets in the City of Beaver Falls at a rate of 50 miles per hour which was not careful and prudent, having due regard to the traffic surface and width of the highway was not reasonable and proper, and was such as to endanger the life, limb and property of other persons on such highway".

At the hearing the testimony of the arresting officer, Ed. Elifson, was that he followed defendant along Seventh Avenue between Seventeenth Street and Thirty-fourth Street in the City of Beaver Falls, and that in the cruise car, which was being driven by the arresting officer, he noted from the speedometer that defendant operated his motor vehicle at a rate of 45 miles per hour. It was agreed by the witnesses for the prosecution that the speedometer had not been tested for accuracy since sometime in the month of September 1947. Defendant denies that he was operating his motor vehicle at any such speed. Certainly we have no right, under The Vehicle Code, to permit a conviction of defendant on the basis of testimony given at the hearing to the effect that the arresting officer's speedometer registered 45 miles an hour when it further appears that the speedometer had not been tested for accuracy within a period of 30 days of the alleged violation (see section 1002 (d) of The Vehicle Code, 75 PS §501-d).

While it does not appear in the testimony that Seventh Avenue between Seventeenth and Thirty-fourth Streets in the City of Beaver Falls is a business or residence district, the court is familiar with the locus of the alleged offense and takes judicial knowledge of the fact that it is a business or residence district, where official speed limit signs are erected, and under the provisions of subsection (d) of section 1002 of The

Vehicle Code the arresting officer was obliged to ascertain whether or not the operator of a motor vehicle is violating the speed provisions of The Vehicle Code by the testimony of two police officers, one of whom shall have been stationed at each end of a measured stretch not less than one eighth of a mile in length. This accurate means of ascertaining the speed of a motor vehicle in a business or residence district was not utilized by the arresting officer as it was required to be by The Vehicle Code.

The prosecution contends, however, that the charge against defendant was not that defendant violated subsections (b) and (c) of section 1002 of The Vehicle Code, being the sections outlining the speed limits under certain conditions, but that defendant violated subsection (a) of section 1002 and that therefore it was not necessary for them to adopt the method of determining speed as outlined in subsection (d) of section 1002. Subsection (e) of section 1002 provides that "in every information charging violation of this section, reference shall be made to this section and subsection alleged to have been violated, specifying the speed at which the defendant is alleged to have driven". We agree that this section has no application where the charge is that defendant violated subsection (a) of section 1002, and that therefore it was not necessary for the arresting officer to charge in the information the number of miles per hour at which defendant was operating his motor vehicle just prior to the time of his arrest (Commonwealth v. Wever, 33 D. & C. 488), but we are unable to find in the testimony any reliable evidence on the basis of which we could conclude, beyond any reasonable doubt, that defendant violated the provisions of subsection (a) of section 1002 of The Vehicle Code. Certainly, the testimony of the arresting officer, depending upon a speedometer which had not been tested for accuracy within a period of 30 days of the time of the alleged offense, is unreliable

for the reason that (1) there is no testimony that the speedometer was accurate, and (2) it is possible that this speedometer may have accurately measured the speed at which the police car was traveling at some period of time while it was chasing the defendant and catching up to him, but the high speed registered on the speedometer would be the result of the police officers speeding up their car to catch someone who was going at a considerably slower rate of speed.

We are not convinced, beyond a reasonable doubt, of the guilt of defendant in passing two automobiles in front of him and possibly having a portion of his car over the center line of the street. Under The Vehicle Code the driver of an automobile has a right to pass over the center line of the street when he is passing a vehicle in front of him, and there is no evidence in the case that defendant drove his vehicle upon Seventh Avenue in the City of Beaver Falls at such a speed as to endanger the life, limb or property of any person. We therefore find defendant to be not guilty.

Some question was raised by defendant, who was without benefit of counsel, at the opening of the hearing relating to the record of the case as shown by the transcript of the alderman's docket in this case. Although we find defendant not guilty, we think it pertinent to point out some of the defects in procedure in this case which would have been fatal to the case if defendant had had counsel and had brought the record before the court on certiorari, rather than by waiver of a hearing before the alderman.

1. Section 1202 of The Vehicle Code (75 PS §732), subsection (a), provides as follows:

"Summary proceedings under this act may be commenced by the filing of information, which information must be filed in the name of the Commonwealth; and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by

the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice."

The notice which was sent to defendant fails to comply with the provisions of this subsection. The notice as sent by the alderman is undated, and reads in part as follows:

"A warrant has been issued for your arrest and unless you voluntarily appear before me, An Alderman, at my office, No. 715, Fifteenth Street, Beaver Falls, Pa., *on or before the expiration of 10 days from date of information*, the warrant will thereafter be served on you." (Italics supplied.)

The subsection under consideration provides that "within the period of seven days after information has been lodged, the magistrate shall send by registered mail, to the person charged, a notice in writing of the filing of the information, together with a copy thereof and notice to appear within ten days of the date of the written notice". It would be impossible for the addressee to know when he was to appear, as required by this subsection, if the notice is undated. He was further confused by the fact that the alderman required by his notice that defendant appear "on or before the expiration of ten days from the date of information" when the law requires that the notice advise defendant that he appear within 10 days of the date of the written notice. By his failure to observe the requirements of this subsection as to notice to appear within 10 days of the date of the written notice and requiring defendant to appear within 10 days of the date of the information, the alderman not only violated the provisions of the subsection, but he no doubt confused defendant as to the date on which he was required to appear.

2. The transcript of the docket of the alderman, as returned to the court for the purposes of this case, shows that on November 22, 1947, defendant was

"arrested on sight". Subsection (c) of section 1202 of The Vehicle Code, 75 PS §732(c), reads as follows:

"Whenever an arrest is made upon view, under any of the provisions of and as limited by this act, the officer making the arrest shall forthwith make and file, with the magistrate before whom the arrested person is taken, an information setting forth in detail the offense, and at once furnish a copy thereof to the person arrested."

The record of the case shows that the offense occurred on November 22, 1947. The information was made two days after the "arrest on sight" was made. This was a clear violation of the subsection under consideration which requires that "the officer making the arrest shall *forthwith* make and file, with the magistrate before whom the arrested person is taken, an information setting forth in detail the offense, and *at once* furnish a copy thereof to the person arrested". We are unable to conclude that an information, made two days after the "arrest on sight", was made "forthwith", and we are unable to conclude from an examination of the record that a copy of the information was "at once" furnished to the person arrested.

3. The record further shows that on December 1, 1947, at four o'clock p.m., "defendant arrested by virtue of above recited warrant, brought into office and charge read, whereupon defendant waives a hearing". The alderman had no right, under any circumstances, to issue any warrant of arrest on December 1, 1947, nor to require defendant to appear for a hearing on said date, whether defendant was arrested on view or after notice, as required by subsection (a) of section 1202. If he was arrested on view subsections (c) and (d) of section 1202 of The Vehicle Code outline the procedure required to be followed by the magistrate. Subsection (d) requires that any person so arrested (on view) shall be given the opportunity of having an immediate hearing, or of giving bail for a hearing before the magistrate, to be held at a date not more

than 10 days from the date of such arrest, or of waiving a hearing and giving bail for his appearance in court. Certainly a hearing on December 1, 1947, eight days after the filing of the information, was not in compliance with subsection (d) of section 1202. If defendant was arrested on sight on November 22nd, certainly the alderman had no authority to issue a "warrant of arrest" by virtue of which the alleged hearing was commenced on December 1, 1947. If defendant was not arrested on sight, the alderman had no authority to issue a warrant for a hearing December 1, 1947, but would be required to comply with subsection (a) of section 1202 of The Vehicle Code and give defendant an opportunity to appear voluntarily "within ten days of the date of the written notice".

We are aware of the fact that in these summary proceedings for violation of The Vehicle Code the fact that a magistrate's record does not show that a notice to appear within 10 days of the date of the written notice, and fails to show that a copy of the information had been mailed to defendant, is a procedural irregularity which does not affect the jurisdiction of the alderman and that the right to attack the record for such technical deficiency is surrendered by a defendant who waives a hearing to the quarter sessions court: Commonwealth v. Burall, 146 Pa. Superior Ct. 525. The proper method for attacking such procedural defects is for defendant to bring the record before the court on certiorari: Commonwealth v. Burall, supra. See also Commonwealth v. Schillinger, 59 D. & C. 326. On appeal from the judgment and sentence of the magistrate, or if the record is before the court by reason of defendant having waived a hearing, the facts giving jurisdiction to the magistrate may be established by testimony, and if it appears to the court at the hearing that the provision of the statute was followed, the court has jurisdiction: Commonwealth v. Wideman,

150 Pa. Superior Ct. 524; Commonwealth v. Reed, 152 Pa. Superior Ct. 249; Commonwealth v. Conner, 50 D. & C. 488; Commonwealth v. Zellers, 52 D. & C. 117, 125; Commonwealth v. Wheeler, 40 D. & C. 232; Commonwealth v. Greene, 40 D. & C. 546; Cain, Admx. v. Stucker et al., 159 Pa. Superior Ct. 466. The case last cited is authority for the proposition that appearance waives the matter of jurisdiction of the person, although it does not waive jurisdiction of the subject matter.

Inasmuch as we have reached the conclusion that the testimony of the Commonwealth was not sufficient to convince the court beyond any reasonable doubt of the guilt of the accused, our reference to the question of jurisdiction of the person and of the subject matter in appeals from summary convictions which are heard before the court of quarter sessions is unnecessary. However, we are outlining the decisions of the lower and appellate courts on this subject by way of dictum for the guidance of defendants, because some such question is raised in nearly every case that comes before the court on appeal, or by reason of defendant having appeared and waived a hearing before the committing magistrate.

If a defendant desires to attack the record of a magistrate on procedural errors, he must do it on certiorari, not by appeal or by waiving a hearing. If the appeal is on the ground that the committing magistrate did not acquire jurisdiction of the person, such question may be raised on appeal, or certiorari, or by waiving a hearing. Mere defects in matters of procedure are waived by appeal, or by appearance and waiver of hearing.

Having concluded, however, that the testimony of the Commonwealth was not sufficient to convict defendant beyond any reasonable doubt of a violation of subsection (a) of section 1002 of The Vehicle Code, we make the following

## Order

Now, to wit December 19, 1947, we find defendant to be not guilty, and direct that the costs of prosecution be paid by the County of Beaver.