## Commonwealth v. Bair

*William C. Storb*, assistant district attorney, for Commonwealth.

*Charles W. Eaby*, for defendant.

SCHAEFFER, P. J., January 19, 1951.—This is a motion to quash the information and complaint in a summary proceeding for a violation of section 1002 (*b*) (4) of The Vehicle Code of May 1, 1929, P. L. 905, relating to speeding.

Pursuant to a complaint made before a justice of the peace a notice dated September 22, 1950, was sent by registered mail to defendant, which is as follows:

"You are hereby notified that if you do not voluntarily appear at my office at 77 S. Main St., in Manheim, Penna., within ten days after the date of this notice, a warrant for your arrest shall be served as provided by law. You can avoid service of warrant by sending $13.50 by certified check or money order payable to the undersigned with this summons, on or before the above mentioned date, a receipt for which will be

mailed you, otherwise an officer with a warrant will be sent for you as the law directs, which will increase the costs. If a hearing is requested notify me at once and a date will be set."

A copy of the complaint was enclosed with the notice.

On October 9, 1950, the justice of the peace was notified that his notice would be ignored by defendant and the justice was warned not to issue a warrant on the ground that the required 10 days' notice was not given to defendant.

The Act of May 1, 1929, P. L. 905, sec. 1202(a) (1), provides as follows: "If the person named in the information shall not voluntarily appear within ten (10) days of the date of the written notice, a warrant shall then issue."

The contention of defendant is that the notice dated September 22, 1950, was mailed at Manheim, Pa., and received at the Lebanon Post Office on September 26, 1950, and that, accordingly, defendant received only six days' instead of the 10 days' notice to appear, based upon the date when the notice was received.

Defendant relies upon Commonwealth v. Reeder, 4 Chester 415 (1950), in which it is said:

"An analysis shows that it is a notice to the defendant to pay, or to appear, or to notify the justice of his belief of his innocence, within ten days of the date of the notice. It allows the defendant alternatives of action other than to appear. In effect, it informs him that compliance with any one of the alternatives at his option will avoid the issuance of a warrant for his arrest. However effective this notice may be to obtain the fine and costs without appearance of the defendant, it is not the notice required by the statutory provisions. The irregularity and defect is not one merely of form. The justice of the peace can acquire no jurisdiction of the person of the defendant whether the latter appears

voluntarily or fails to appear and is arrested on warrant, if he then waives summary hearing."

In Commonwealth v. Wentz, 52 D. & C. 690 (1945), an opposite view was taken with respect to the defect in the notice where defendant was notified on December 26, 1944, to appear on or before January 6, 1945, which was a period of 11 days. It was held that this was merely procedural and not jurisdictional. In Commonwealth v. Burall, 146 Pa. Superior Ct. 525 (1941), it was decided that where a magistrate's record does not show that a notice to appear within 10 days and a copy of the information had been mailed to defendant, it is a procedural irregularity which does not affect the jurisdiction of the justice of the peace, and the right to attack the record for such technical deficiency is surrendered by a defendant who waives a hearing and takes an appeal to the quarter sessions.

In the instant case the warrant was not served until 10 days after the notice was received by defendant and, accordingly, defendant had 10 days within which to appear voluntarily, but he refused to do so.

Defendant contends also that the notice is defective in this case because it gives defendant a choice of alternatives: (1) To appear voluntarily; (2) to pay $13.50 to "avoid service of warrant", or (3) "if a hearing is requested . . . a date will be set".

The law in controversy provides for certain options to a defendant to appear voluntarily, not necessarily personally, or to have a warrant served on him. Defendant has a further choice of demanding or waiving a summary hearing and giving bond for a hearing before the court of quarter sessions.

Under the facts and circumstances of the case at bar it can hardly be said as in Commonwealth v. Reeder, 4 Chester 415, supra, that defendant had "alternatives of action other than to appear". Defendant refused to

appear voluntarily after a notice and a warrant for his arrest followed.

There may be exceptional cases where strict compliance with the 10 days' requirement would result in a hardship, but the express language of the act governs until it is modified or clarified by the legislature.

The court concludes that the notice in the instant case complied with the law.

And now, January 19, 1951, the motion to quash the information and complaint is overruled.