## Commonwealth v. Natilli

*Perry .L. Reeher*, district attorney, for Commonwealth.

*John F. Henderson*, for defendant.

BRAHAM, P. J., December 6, 1954.—Defendant, charged with a violation of The Vehicle Code by driving 70 miles per hour, appeared before the justice of the peace who had issued the warrant. The justice of the peace allowed an amendment as to the date of the offense whereupon defendant waived a hearing and filed a bond for a trial in this court.

The district attorney and defendant have filed a stipulation as to the facts, on the basis of which the court is asked to decide the case. The return of the justice of the peace is also before us.

The stipulation discloses a confused situation indeed. The squire's return and the stipulation of facts establish that the information was sworn to on May 12, 1954, yet the date of the offense laid in the information is June 12, 1954. After various postponements the case came on for hearing on July 14, 1954, at which time the arresting officer moved to

amend the date of the offense to June 11, 1954, instead of June 12, 1954. This amendment was allowed. Finally there is an admission in the stipulation that "at the time and place alleged in the information the defendant was operating his vehicle at the rate of 70 miles per hour in violation of . . ." section 1002, subsec. (b), of The Vehicle Code of May 1, 1929, P. L. 905. This is the section of the statute relating to speed.

The first question is whether this court has jurisdiction to decide the questions here raised. There is authority to the effect that when defendant charged with an offense punishable upon summary conviction waives a hearing before the magistrate and gives bond for trial in this court he thereby waives defects in the procedure before the justice of the peace: Commonwealth v. Benson et al., 94 Pa. Superior Ct. 10. In the Benson case a full hearing was had before the justice of the peace. The same result was reached in Commonwealth v. Burall, 146 Pa. Superior Ct. 525, a case involving overweight in a truck, although defendant waived a hearing and gave bond for court. The defect complained of was the absence in the magistrate's return of an averment that he was the nearest justice of the peace and the absence of averment that notice was given to defendant as required by law. See also Commonwealth v. Conner, 50 D. & C. 488, and Commonwealth v. Maun, 68 D. & C. 288.

In Commonwealth v. Gill, 166 Pa. Superior Ct. 223, a more liberal attitude toward allowing the common pleas to consider defects in the magistrate's proceedings became apparent. In County Court of Allegheny County it was stipulated that the prosecution had been brought before a justice of the peace of a municipality other than the one where the offense was committed. The county court dismissed the case although defendant had appeared before the magistrate and waived hearing. In the Gill case due credit was given

to Judge Hargest of Dauphin County who, in Commonwealth v. Myers, 22 D. & C. 586, first pointed out that there are in section 1204 of The Vehicle Code (75 PS § 734), two types of removal from the magistrate's court; first, by waiving a hearing; and second, by appeal after hearing. In the first type the magistrate is directed to return the information to court, thus inferentially allowing the appellate court to pass on matters of procedure. Commonwealth v. Burall, supra, was distinguished in that there only the lack of a showing on the record was challenged.

Commonwealth v. Gill, supra, was followed in Commonwealth v. Germsback 167 Pa. Superior Ct. 106, and in many other court cases: Commonwealth v. McMillin, 86 D. & C. 63; Commonwealth v. Arnold, 86 D. & C. 154; Commonwealth v. Elsass, 63 D. & C. 276; Commonwealth v. Beaver, 58 D. & C. 97.

In Commonwealth v. Trufley, 170 Pa. Superior Ct. 200, the Superior Court reaffirmed the rule of Commonwealth v. Burall, supra. The mere failure of the magistrate in the Trufley case to allege in his return that he was the nearest magistrate was not enough to move the common pleas to quash the indictment when he was in fact the nearest. This is a gratifying decision, for one reason, because it does not stress the availability of certiorari. It is to be hoped that with the two types of removal to the common pleas discussed by Judge Hargest in Commonwealth v. Myers, supra, the use of certiorari may fall into disuse.

Does the case at bar fall under the rule of Commonwealth v. Burall or the rule of Commonwealth v. Gill? The complaint is that by amending the date of the offense, defendant was deprived of his rights. However, the stipulation admits that defendant commited the offence "at the time and place alleged in the information". Thus the complaint is really a technical

attack on the correctness of the records of the magistrate and not a real plea to the jurisdiction. In such event the rule of Commonwealth v. Burall applies.

Defendant relies on Commonwealth v. McMillin, supra, decided in this court but that case is distinguishable. There, after difficulty about the identity of defendant, an entirely new information was started under circumstances which did not allow it to be related back to the original case.

Entertaining these views, we make the following

### Order

Now, December 6, 1954, defendant, Arnold L. Natilli, is found guilty and sentenced to pay a fine of $10 and costs.