## Commonwealth v. Moore

556

*Donald W. VanArtsdalen*, District Attorney, for Commonwealth.

*William L. Goldman*, for defendant.

RUBIN, J., October 26, 1956.—This proceeding is before the court on certiorari to a justice of the peace. It appears from the record that on September 15, 1955, defendant was arrested on view by a Pennsylvania State policeman for operating an overloaded combination of vehicles in violation of section 903 of The Vehicle Code of May 1, 1929, P. L. 905, art. IX, sec. 903, 75 PS §453, as amended.

He was immediately taken before a justice of the peace where he was given a copy of the information and an immediate hearing held. Defendant entered a plea of guilty to the offense as charged and was fined in accordance with the penalties fixed by The Vehicle Code. In default of payment of the fine and costs the combination vehicle was impounded and delivered to the sheriff of Bucks County.

On September 15, 1955, defendant furnished bond in double the amount of the fine and costs whereupon the combination vehicle was released by the sheriff. On October 14, 1955, on application to this court, a writ of certiorari was duly allowed and thereafter defendant filed seven exceptions to the record of the justice of the peace. The attorney for defendant stated to the court at argument that he abandoned exceptions numbered 1, 2, 5 and 6 and he argued and relied upon exceptions numbered 3, 4 and 7. We will first consider exception no. 4 which reads as follows:

"4. The record does not disclose that the arresting

officer, at the time of the arrest of the defendant, was in uniform . . . in violation of the Act of Assembly of May 1, 1929, P. L. 905, sec. 1211, 75 PS §741."

The pertinent sections of The Vehicle Code relating to this exception provide:

"Such employes of the Commonwealth as are designated as Pennsylvania State Policemen are hereby declared to be peace officers, and are hereby given police power and authority throughout the Commonwealth to arrest on view, on Sunday or any other day, when in uniform, without writ, rule, order, or process, any person violating any of the provisions of this act, in addition to any other power or authority conferred by law . . . and [he shall] file with the magistrate before whom the arrested person is taken, an information setting forth in detail the offense, and at once furnish a copy thereof to the person arrested": Sec. 1211 of The Vehicle Code.

"For the enforcement of this section [903] all peace officers shall have the power to arrest on view for violation of any of the provisions of this section": Section 903 of The Vehicle Code.

Counsel for plaintiff contends that the failure of the record *to show* that the State policeman was in uniform at the time he made the arrest is fatal to these proceedings. In support of his position he cites: Commonwealth v. Caplan, 31 Westmoreland 211 (1949); Commonwealth v. Smith, 81 D. & C. 543 (1952); Commonwealth v. Arnold, 86 D. & C. 154 (1953). In the Caplan, Smith and Arnold cases, supra, hearings were waived by defendants and the cases were heard de novo by the respective courts of quarter sessions. In the Smith case it appeared, from the testimony in the quarter sessions court, that the officer did not exhibit his badge or other sign of authority although requested to do so by defendant. The rationale of the Arnold and Caplan cases seems to be that a justice of the peace

does not acquire jurisdiction over the person of defendant unless the record affirmatively shows that the arresting State policeman is in uniform, or in the case of a local officer that he is in uniform and exhibits his badge or other sign of authority at the time he makes the arrest and it therefore follows that the proceedings are invalid and of no effect for lack of such jurisdiction.

This, however, is not the question which we are called upon to determine. In the instant case defendant entered a plea of guilty to the violation as charged before the justice of the peace and then obtained a writ of certiorari. The plea of guilty by defendant was a waiver of his right thereafter to raise any question concerning the irregularity of or infirmity in his arrest, or the jurisdiction of the justice of the peace as to his person: 14 Am. Jur. 417, §214; 22 C. J. S. 260 §162; Commonwealth v. Hill, 166 Pa. Superior Ct. 388, 393.

This case being before us on certiorari, we are confined to the record. If there is any irregularity of which defendant may complain, it goes to his arrest. It is his contention as heretofore stated, that because the record *does not show* the State policeman wore a uniform at the time he was arrested, his arrest is invalid. He does not assert that *in fact* the officer was not wearing a uniform and did not raise this question before the justice of the peace.

It is generally held that the jurisdiction of the court is not impaired by the manner in which the accused is brought before it; the presence of the accused in the court on a proper charge being sufficient to confer jurisdiction of his person thereon, even though he was arrested without a warrant contrary to law: 22 C. J. S. 236, §144; Commonwealth ex rel. DiDio v. Baldi, 176 Pa. Superior Ct. 119, 123 and cases there cited. To the same effect, where no information was filed and bail

posted, see Commonwealth v. Wideman, 150 Pa. Superior Ct. 524, 527.

How then have the legal rights of defendant in this case been abridged? In what particular has he been harmed or deprived of his legal rights? He does not say that the officer was not in uniform at the time of the arrest. He argues that since it is not shown by the record that the arresting officer was wearing his uniform, even though in point of fact he may have been in uniform, his conviction and fine ought to be set aside, notwithstanding that he did not raise the question before the justice of the peace and entered a plea of guilty. We cannot agree with this contention. Whether the State policeman was in uniform at the time he made the arrest is largely a matter of proof or defense: Commonwealth v. Grant, 84 D. & C. 600, 603. We are concerned with the question of whether the justice of the peace had jurisdiction of the person of defendant. Such jurisdiction was obtained by the justice of the peace when defendant entered his plea of guilty to the offense as charged. There can be no doubt that the justice of the peace had jurisdiction over the subject matter, for it is conferred upon him by The Vehicle Code. We conclude therefore that exception no. 4 must be dismissed.

The dismissal of defendant's exception no. 4 for the stated reasons makes it unnecessary for us to determine and we do not decide whether section 903 of The Vehicle Code, the material portion of which we have set forth above, permits an arrest to be made by a State policeman who is not in uniform.

We now proceed to the consideration of exception no. 3 which reads as follows:

"3. The record does not disclose that the defendant was given an opportunity of giving bail for a later hearing, as provided by the Act of Assembly of May 1, 1929, P. L. 905, art. XII, sec. 1211, 75 PS 741."

The pertinent section of The Vehicle Code relating to this exception provides:

"Any person so arrested [on view by a state policeman] on any day, other than Sunday, shall be given the opportunity of having an immediate hearing, or of waiving a hearing, or of giving bail . . .": Section 1211 of The Vehicle Code.

Defendant's exception no. 3 raises a question similar to that raised by his exception no. 4, supra. Counsel contends that the failure of the record *to show* that defendant was given an opportunity to give bail for a later hearing or to waive a hearing is fatal to this proceeding. Again, defendant's complaint is not that he was not given an opportunity to waive a hearing or to give bail but that the record does not show that he was given such opportunity. The record does disclose, however, that he was given an immediate hearing and entered a plea of guilty to the offense as charged. What we have heretofore said, with respect to the failure of the record to show that the State policeman was in uniform, applies with equal force to the contention here made by defendant. The irregularity complained of is not unlike that in Commonwealth v. Coldsmith, 176 Pa. Superior Ct. 283, 285 and Commonwealth v. Burall, 146 Pa. Superior Ct. 525. In the Coldsmith case the court stated: "At any rate the absence of an indication in the record that the proper notice to appear had been sent would be a procedural irregularity which would not affect the justice's jurisdiction (citing Commonwealth v. Burall, supra). The appellants have no cause to complain on this ground, since they did appear and have a hearing and offered no proof of defectiveness of notice." The record is clear that, in the instant case, defendant had a hearing, offered no proof that the arresting State policeman was not in uniform and entered a plea of

guilty. A plea of guilty by defendant is certainly equivalent to an appearance, so as to confer jurisdiction of the person. There is no merit in exception no. 3 and it is also dismissed.

Exception no. 7 reads as follows:

"7. The Act of Assembly which the defendant is alleged to have breached, is unconstitutional and void because it is in violation of the due process clause of the United States Constitution."

The pertinent section of the amendment of June 30, 1955, P. L. 225, sec. 5, 75 PS §453, to The Vehicle Code reads as follows: ·

"(a) Commercial motor vehicles and truck tractors, other than those electrically operated, shall not be used or operated on any highway with gross weight exceeding those specified for the several classes as follows:
. . . .

"Penalty.—Any person operating any vehicle or combination of vehicles, upon any highway, with a gross weight or with weight on any axle or wheel exceeding by more than three (3) per centum the maximum weight allowed in that particular case, shall, upon summary conviction before a magistrate, be sentenced to pay the costs of prosecution and a fine for each and every pound of excess above the maximum weight allowed according to the following schedule:
. . . .

"In default of payment of any fine and costs of prosecution imposed, pursuant to the foregoing provisions of this penalty clause, the magistrate shall impound the vehicle, or combination of vehicles, and order the arresting officer, or other peace officer, to seize them. The magistrate shall, forthwith, notify the sheriff of the county wherein the violation occurred, who shall store the impounded vehicle, or combination of vehicles. The sheriff's costs, storage costs, and all other costs incident to impounding, shall be deemed addi-

tional costs of prosecution. The sheriff shall give immediate notice by telegram and registered mail, return receipt requested, of the impoundment and location of the vehicle, or combination of vehicles, to the owner of said vehicle, or combination of vehicles, and the owner of the load if said owners' names and addresses are known or can be ascertained by the sheriff. . . .

"In case any vehicle or combination of vehicles impounded, or the load thereon as aforesaid, shall remain unredeemed, in the case of the vehicle or combination of vehicles and unclaimed, in the case of a load, for a period of sixty (60) days after notice of impoundment is given as aforesaid, the same shall be deemed to be abandoned and shall be disposed of by the sheriff upon order of the magistrate, in accordance with the procedures outlined in section four of the act, approved the third day of July, one thousand nine hundred forty-one, with the exception that the reference to a court therein contained for the purposes of this act, shall be construed to mean magistrate: And provided further, That the proceeds of such sale after the payment of encumbrances shall be applied to the payment of fine and costs and the balance thereof shall be remitted to the owner. . . ."

Defendant's counsel asserts that the amendment is unconstitutional for the following reasons:

(1) That the amendment to The Vehicle Code makes no provision for notice of the proceeding to the owner of the motor vehicle whose property is impounded and may be sold in default of payment of the penalty and costs, until after the hearing at which the penalty and costs are imposed;

(2) That the failure to provide for notice to the owner of the vehicle, prior to the hearing and prior to the imposition of penalty and costs, deprives the owner of the vehicle of his day in court and the opportunity to be heard and defend the action;

(3) That the right to defend includes the right to be present personally or by counsel, the right to cross-examine witnesses at the hearing, the right to present one's own views of the controversy and the right to ascertain the theory upon which the adversary's case is based.

It should be noted at the outset that the record does not reveal who owned the motor vehicle combination at the time the offense was committed. The offense is committed by the operator of the motor vehicle combination, when he operates the same on a highway with a gross weight in excess of that provided by the act. It does appear from the record that upon bond being given in double the amount of the fine and costs *by defendant*, a few days after his conviction, that the motor vehicle combination was released. If defendant was the owner of the motor vehicle combination, the complaint that notice was not given until after the hearing has no merit since defendant was present at the hearing and pleaded guilty to the offense as charged. If the owner of the motor vehicle be someone other than defendant, then such owner has no right to assert the invalidity of that particular part of the act of assembly for the reasons hereinafter stated. Such other person, or entity, is not a party to the record, it has not been shown that his rights were adversely affected by the act of assembly and more particularly it has not been shown, as it must be, that his rights are thus affected by the particular feature of the statute alleged by him to be in conflict with the Constitution: Commonwealth v. Dollar Savings Bank, 259 Pa. 138, 146; Commonwealth v. Paul, 177 Pa. Superior Ct. 289, 293. In 16 C. J. S. 255, §§83 and 84, it is stated:

"Generally, the constitutionality of a statute involved in a suit may be questioned only by the parties thereto. . . .

"As a general rule, in criminal prosecutions, accused has the right to assert the invalidity of the law, regulation, or rule under which he is being prosecuted, but he must show that his rights are adversely affected by the statute or ordinance, and, more particularly, that his rights are thus affected by the particular feature of the statute alleged to be in conflict with the constitution. It is not sufficient that the statute may impair the rights of others. . . ."

In the instant case the particular feature of the statute alleged to be in conflict with the Constitution is, according to defendant, its failure to give due notice to the owner of the motor vehicle combination of the pendency of the proceedings so that he may have an opportunity to defend. As we have already stated, this does not apply to defendant Harding G. Moore. As to any other person or entity who was the owner at the time the offense was committed, no harm has been done to him or it by the statute. The motor vehicle combination was not sold or otherwise disposed of but was released when bond was given by defendant and no harm was suffered by the owner as a result of its detention.

Defendant's counsel further contends that the amendment to The Vehicle Code is indivisible and that its provisions are inseparable and therefore if any provision thereof is unconstitutional the entire amendment falls. From this premise it is argued that notwithstanding the owner is not a party to the record or the owner is not harmed by the amendment, defendant may question the validity of the provision he alleges to be invalid even though it does not apply directly to defendant, since that is an essential element in establishing that the remainder is legally operative as to him.

We cannot agree that the amendment is indivisible and its provisions inseparable. A statute may be un-

constitutional in part and yet be sustained with the offending part omitted if the paramount intent will not be destroyed thereby: Suermann v. Hadley, 327 Pa. 190, 199. This is true even though valid and invalid provisions are contained in the same section of the law or ordinance: Rutenberg v. Philadelphia, 329 Pa. 26, 39. Compare section 55 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §555, which provides that the provisions of every law shall be severable and sets forth the rule to be applied in the construction of laws.

It is plain that by enacting the amendment the intent of the legislature is to limit weight of motor vehicles using the highways of the Commonwealth. To this end, it places a maximum on the gross weight of vehicles which may be operated on the highways of the Commonwealth and upon conviction of the operator of the vehicle for its violation, imposes a fine upon him, fixed in accordance with a schedule fully set forth in the act. The portion of the amendment which defendant seeks to invalidate deals only with the method of collecting the penalty in the event that the convicted defendant defaults in the payment thereof. If it be conceded, arguendo, that the portion of the act involving the procedure for collecting the penalty in event of default in payment thereof is unconstitutional, the remaining provisions of the legislation would nevertheless remain valid, since the alleged offending provision is distinct and apart from the rest of the amendment: Hudock v. Lattavo Bros., Inc., 85 D. & C. 515.

It is well settled that the constitutionality of the statute will not be considered in any case unless such consideration is absolutely necessary in order to determine the merits of the suit in which the constitutionality of such statute has been drawn in question, and that such rule should not be departed from except for strong reasons and under extraordinary circumstances.

We find no reason or circumstance which requires us to depart from the above stated rule, and accordingly the seventh exception is dismissed, and we enter the following order:

And now, October 26, 1956, defendant's exceptions are dismissed and the judgment of the justice of the peace is sustained.