## Commonwealth v. Serrbocco

*Paula Francesco, Assistant District Attorney,* for Commonwealth.
*John Saling,* for defendant.

## MEMORANDUM OPINION

SUGERMAN, *J.*, December 30, 1976 — Appellant Chester J. Serrbocco ("Serrbocco") appealed his summary conviction of violations of sections 903(b) and 903(c) of The Vehicle Code of April 29, 1959, P.L. 58, secs. 903(b) and 903(c), as amended (repealed, by the act of June 17, 1976, P.L. 162 (No. 81), sec. 7, 75 P.S. §903(b), (c)), such sections dealing with the gross weight of motor vehicles.

The facts upon which the summary convictions were based are not in dispute and in the main were stipulated to by counsel for the parties. We briefly set them forth in the narrative.

On June 29, 1976, Serrbocco, while operating a tractor and trailer, loaded with a piece of construction machinery, all the property of Danella Brothers, a common carrier, was stopped on Pennsylvania Highway Traffic Route No. 202, in West Goshen Township, Chester County, by Patrolman Redo, a member of the West Goshen Police Department.

Investigation revealed that the trailer bore a then current registration, without the designation of a registered gross weight, and further, that the registration of the tractor had expired in May, 1975, more than one year prior to the incident.

Upon discovering these facts, Patrolman Redo caused the rig to be weighed and determined the gross weight of the tractor, trailer and load to be 58,330 pounds. Patrolman Redo thereupon caused citations to issue, charging Serrbocco with a violation of section 511(b) of The Vehicle Code, for operating a tractor with an expired registration, and violations of sections 903(b) and 903(c) of The Vehicle Code, for hauling a gross weight in excess of that authorized by such sections.

Serrbocco was found guilty of all violations and fined the sum of $10 and costs for a violation of section 511(b)[1], and the sum of $5,910 for a violation of sections 903(b) and 903(c), upon a finding that Serrbocco's rig was 58,330 pounds overweight. Such weight, as noted, was the actual gross weight of the tractor, trailer and load.

Section 903 of The Vehicle Code provides that the maximum permissible gross weight of a tractor and trailer as that operated by Serrbocco is 73,280 pounds, 14,950 pounds more than the weight of Serrbocco's loaded rig.

Section 704(a) of The Vehicle Code permits the registration of tractors at various registered gross weights in accordance with a schedule of appropriate fees, and section 707(a) permits the similar registration of trailers.

It is the usual practice in the industry to register trailers without designating a gross weight, and to register tractors at the entire gross weight of tractor, trailer and load intended to be carried.

Although the gross weight of Serrbocco's rig, as noted, did not exceed the maximum gross weight permitted by section 903, the district justice apparently determined, and the Commonwealth here argues that inasmuch as the trailer operated by Serrbocco was not registered at *any* gross weight, and the registration of the tractor had expired, the combination of tractor and trailer was authorized to carry *no* weight upon the highway, and thus, every pound of weight, whether of tractor, trailer or load, was in violation of the weight limits proscribed by The Vehicle Code.

---

1. No appeal was taken from Serrbocco's conviction of violating section 511(b) of The Vehicle Code.

Defendant contends that such construction of section 903 of The Vehicle Code involves a gross distortion of both the plain language and the legislative intent of that section and further, that his conviction of a violation of section 511(b) on the one hand, and sections 903(b) and 903(c) on the other, involve principles of double jeopardy. Inasmuch as we agree with Serrbocco's former contention, we need not reach the latter.

## DISCUSSION

Section 903(a) of The Vehicle Code, prescribing the maximum gross weight which may be transported upon the highways of the Commonwealth, provides:

"(a) No motor vehicle, and no combination of which a motor vehicle is a part, shall, when operated upon a highway, have a gross weight exceeding seventy-three thousand two hundred eighty (73,280) pounds."

The Commonwealth does not suggest that the gross weight of the tractor, trailer and load operated by Serrbocco exceeded the maximum gross weight permitted by section 903(a), and it does not suggest that the gross weight of the rig exceeded the maximum gross weight permitted under any other provisions of The Vehicle Code for a tractor and trailer of the type operated by Serrbocco[2].

Rather, as noted, the Commonwealth argues that inasmuch as the trailer was registered at no

---

2. See, for example, section 903(f.1), (g), and (h), prescribing, inter alia, maximum gross weights for various combinations of vehicles, dependent upon the number of axles and tire width.

gross weight, and the registration of the tractor had expired, Serrbocco's rig was permitted no weight whatever, and he thereby violated section 903(b) and 903(c) of The Vehicle Code, providing in pertinent part:

"(b) No commercial motor vehicle or truck tractor having a registered gross weight shall, when operated upon a highway, have a gross weight exceeding the registered gross weight of such commercial motor vehicle or truck tractor.

"(c) No combination of which a commercial motor vehicle or truck tractor having a registered gross weight is a part shall, when operated upon a highway, have a gross weight exceeding the sum of (1) the registered gross weight of the commercial motor vehicle or truck tractor plus (2) the registered gross weights, if any, of the other vehicles in the combination. This subsection shall not apply to a combination of a commercial motor vehicle or truck tractor and a mobilehome, house trailer or office trailer."

Section 402(a)(1) of The Vehicle Code provides generally that commercial truck tractors may be registered with the Department of Transportation and that the owner shall designate a registered gross weight, to be selected by him from a table of gross weights set forth in section 704 of The Vehicle Code. The table sets out twenty classifications, dependent upon the registered gross weight designated by the owner, and prescribes the registration fees for each classification. The fees increase substantially as the registered gross weight increases.

Section 402(a)(1) also provides that the registered gross weight so designated by the owner shall be the registered gross weight of the tractor for the registration year, and finally, provides that

if the tractor is operated in combination with a trailer having a gross weight exceeding 10,000 pounds, the registered gross weight designated by the owner for the tractor shall be deemed to be the registered gross weight of the combination.

Lastly, section 402(a)(2) of The Vehicle Code provides for registration of trailers in accordance with a table set forth in section 707(a) of The Vehicle Code, 75 P.S. §707(a) (Supp. 1976-1977). Such then is the scheme of registration set forth in The Vehicle Code for commercial tractors and trailers in the Commonwealth.

As noted, it is the custom in the industry to register trailers at no designated gross weight, as in the case of the trailer at bar, and to include the entire gross weight of the combination of vehicles and load in the registered gross weight designated by the owner for the tractor, as permitted under seciton 402(a)(1) of The Vehicle Code.

We begin our analysis by noting that the statute with which we are dealing is penal in nature and must, therefore, be strictly construed: Commonwealth v. Burall, 146 Pa. Superior Ct. 525, 529, 22 A. 2d 619, 622 (1942); Commonwealth v. Thomas, 53 D.&C. 2d 657 (1971).

Section 903(b) and 903(c) again provide,

"(b) No commercial motor vehicle or truck tractor *having a registered gross weight* shall . . . ." (Emphasis added)

and

"(c) No combination of which a commercial motor vehicle or truck tractor *having a registered gross weight* is a part shall . . . ." (Emphasis added)

It is thus apparent that before the instant sections may be applied to the case at bar, the offend-

ing tractor or trailer must have a registered gross weight. Neither the tractor nor the trailer were here registered at any gross weight and applying the rule of strict construction, could not have been in violation of sections 903(b) or 903(c)[3].

We are mindful that although a penal statute is to be strictly construed, such construction does not permit a meaning so narrow as to be directly contrary to the plain intention of the legislature, Commonwealth v. Burall, supra, at 529, 22 A. 2d at 622, and penal statutes must be construed with common sense, Commonwealth v. Walker 219 Pa. Superior Ct. 167, 169, 280 A. 2d 590, 591 (1971).

The obvious purpose to be served by the imposition of weight limitations is the protection of the highways of the Commonwealth from damage, and insuring the safety of the traveling public, Commonwealth v. Smith, 409 Pa. 521, 525, 187 A. 2d 267, 270 (1963). Instantly, Serrbocco's rig did not exceed the gross maximum allowable weight as provided in section 903(a), and thus, the failure to apply sections 903(b) and 903(c) cannot be considered contrary to such legislative intent. However, Serrbocco did operate a tractor bearing an expired registration and the magistrate properly found a violation of section 511 of The Vehicle Code and imposed the appropriate penalty provided by that section.

---

3. We note further that section 903(a), prescribing the maximum gross weight that may be lawfully carried on Pennsylvania highways is not limited to commercial motor vehicles or tractors having a registered gross weight, as are sections 903(b) and 903(c). Rather, section 903(a) is all encompassing, providing that:

"(a) No motor vehicle, and no combination of which a motor vehicle is a part, shall . . . ."

Finally, the Commonwealth may argue that our construction of the statute provides a "loophole" through which unscrupulous carriers may drive, and in order to avoid compliance with the registration requirements of sections 704(a) and 707 of The Vehicle Code, will simply fail to register their vehicles, loading them with any weight short of the maximum permitted by section 903(a), and then, if apprehended, pay the small fine and costs imposed for operating an unregistered vehicle in violation of section 511(a).

We respond by noting first that the record before us is devoid of any evidence of such chicanery on the part of Serrbocco or his employer. Danella Brothers, the corporate owner of the rig, is a relatively large common carrier, certificated by the Pennsylvania Public Utility Commission and the Interstate Commerce Commission and operating more than 140 vehicles from two terminals.

The tractor in question, recently acquired, was intended to be used in one of the terminals as a "shifter," moving trailers from one location to another within the terminal only, an operation for which no registration is necessary.

An officer of the corporation testified without contradiction that the tractor was inadvertently, or as the result of clerical error, dispatched over the road on an intercompany assignment.

We are aware of course that maximum weight statutes do not require an intent to violate and that inadvertent violations may be punished: Tank Truck Rentals, Inc. v. C.I.R., 356 U. S. 30, 78 S. Ct. 507, 2 L. Ed. 2d 562 (1958); Commonwealth v. Mostowski, 18 D.&C. 2d 248 (1959)[4]. At the same

4. Cf. Commonwealth v. Curley, 189 Pa. Superior Ct. 506 (1959) at 510, 151 A. 2d at 658; and Commonwealth v. Thomas, 53 D. & C. 2d 657 (1971).

time, however, we find no attempt to evade the provisions of The Vehicle Code, no prejudice to the Commonwealth or the motoring public as the result of Serrbocco's conduct, and no course of conduct contrary to the legislative intent expressed in the statute. Under such circumstances, the imposition of the large fine here assessed works a clear injustice.

Finally, if such a "loophole" in the statute does exist, it is the legislature and not the court that must eliminate it. Where a statute, as here, is clear on its face, the judiciary will not usurp the authority of the legislature and amend it.

Finding that Serrbocco did not violate the provisions of section 903(b) and 903(c) of The Vehicle Code, and is thus not subject to the penalty provisions of section 903, we find Serrbocco not guilty of such violations.