385 A.2d 1299

**COMMONWEALTH of Pennsylvania**

v.

**Charles W. DUNN. Appellee.**

Supreme Court of Pennsylvania.

Argued Nov. 20, 1975.

Decided April 4, 1978.

36

Henry F. Huhn, Cornwells Heights, for appellant.

Robert T. Burke, Bristol, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

Appellee, Charles W. Dunn, was charged with driving an overweight motor vehicle on the highways of Pennsylvania in violation of Section 903(c) of the Pennsylvania Motor Vehicle Code, Act of April 29, 1959, P.L. 58, § 101 et seq., as

amended, 75 P.S. § 101 et seq. Appellee's truck was allegedly 23,700 pounds overweight. In a hearing before a district judge, appellee was found guilty, and a fine of $4,700 was imposed. Appellee appealed and a trial de novo was held in the Court of Common Pleas of Bucks County. In the nonjury trial, appellee was found guilty of being 1700 pounds overweight and a fine of $120.00 was imposed.

Appellee did not appeal from the judgment of sentence. The prosecution, however, filed an appeal in the Superior Court contending that the fine of $120.00 imposed was not the proper fine under the penalty section of the Motor Vehicle Code, 903(k). That section provides a schedule of graduated fines for motor vehicles that are overweight. The more overweight, the higher the fine. According to the prosecution, the trial court should have imposed a greater fine but did not do so because it erroneously held that a greater penalty for the violation of which appellee was found guilty would be unconstitutional.

Because the prosecution claimed that it was appealing from a trial court ruling invalidating as unconstitutional a penalty statute of the General Assembly, the Superior Court transferred the appeal to this Court. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202, 17 P.S. § 211.202(9); Act of July 31, 1970, P.L. 673, No. 223, art. V, § 503, 17 P.S. § 211.503.

█ Although the prosecution in this case purports to raise whether the trial court erroneously held the penalty provision, 903(k), of the Motor Vehicle Code unconstitutional, we do not decide that issue because it is not properly before us, as will be explained later in this opinion. In view of our conclusion that the constitutional issue raised is not properly before us, appellate jurisdiction may have properly been in the Superior Court which transferred the appeal to this Court. Because of the previous transfer to us, and since no objection has been raised by the appellee, we proceed to decide this appeal. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202, 17 P.S. § 211.202(9).

Although the district justice found that appellee was guilty of operating a vehicle which was overweight, at the trial de novo in the Court of Common Pleas the verdict was different. At the conclusion of appellee's nonjury trial in the Court of Common Pleas, on August 2, 1974, the verdict entered and the ensuing colloquy were as follows:

". . . I am going to find the man guilty of the offense and find the overweight was 1700 pounds and impose a fine of $60.00 and cost upon the defendant."

[PROSECUTOR]: Your Honor, the fine would be double in any event on the overweight, so the fine would actually be $120.

THE COURT: What section?

[DEFENSE COUNSEL]: Section 903. Anytime a vehicle is over the amount, allowable weight of 73,280, the fine is double, sir.

[PROSECUTOR]: It's 903 and it's under the Penal Section, it would be—

[DEFENSE COUNSEL]: We agree, Your Honor, that is the law.

THE COURT: Yes, I suppose it is part of the Penal Section.

All right, the fine then imposed is $120.

Thank you.

.     .     .     .     .

(Whereupon the hearing was concluded.)"

In this appeal the prosecution raises two questions and states them as follows:

"1. Where the legislature has mandated a certain penalty for a criminal violation, may the trial court when imposing sentence ignore the legislative mandate?

2. Are the penalty provisions of § 903 of the Motor Vehicle Code unconstitutional?"

As to the first question raised, we do not agree with the prosecution that the trial court ignored the legislative mandate as to penalties in imposing sentence, and thus there is no need to consider the second question. Appellee was

found guilty of operating a vehicle which was 1700 pounds overweight. Under 903(k), the legislatively mandated penalty for being 1700 pounds overweight is $120. The prosecution does not dispute that fact in this appeal and, as the colloquy previously noted indicates, the prosecution itself informed the trial court that the correct penalty was $120. Defense counsel agreed with the prosecutor. No issue was raised at the time the judgment of sentence was imposed that the legislative mandate was not being followed, and no claim is made before us that the $120 fine was not the proper fine based upon the verdict. There is no doubt that the judgment imposed followed the verdict.

In this appeal, nonetheless, for the first time, the prosecution contends that, under 903(k), a fine of $4,700 should have been imposed. The prosecution's argument is based on *its assumption* that the verdict in this case found the appellee guilty of being 23,700 pounds overweight. That, however, was not the verdict. The prosecution argues that the evidence at trial showed that appellee was 23,700 pounds overweight. What the evidence showed, however, is irrelevant on appeal. We cannot go behind the verdict. In a criminal case at the appellate level, we cannot impose a new verdict or any verdict other than the verdict found by the trier of fact.

The prosecution also seems to base *its assumption* as to the verdict entered on its interpretation of the trial court's opinion filed on November 19, 1974, more than three and one-half months after the conclusion of the appellee's trial which ended on August 2, 1974.

Assuming for the moment that the trial court in its opinion of November 19, 1974, was attempting to enter a different verdict than that which it entered on August 2, 1974, we would be compelled to reject any alteration of a verdict made three and one-half months after the entry of the original verdict. Rule 302 of the Pa. Rules of Crim.P., states that:

"A verdict shall be rendered in all nonjury cases within three days after trial."

In this case the only proper verdict upon which judgment of sentence could be entered is the verdict entered at the conclusion of the trial on August 2, 1974, and not any allegedly different verdict entered three and one-half months after the original verdict. Whatever the trial court said in its opinion cannot legally alter the verdict entered on August 2, 1974.

Even though what the trial court's opinion said is not relevant, we note that we cannot agree with the prosecution that the trial court attempted to alter the verdict of August 2, 1974 in its opinion of November 19, 1974. In order to fully understand the trial court's opinion, a background review of the overweight provisions of the Motor Vehicle Code will be helpful. There are two different sections of the Motor Vehicle Code which are concerned with overweight violations: 903(a) and 903(c).

Section 903(a) provides as follows:

"No motor vehicle, and no combination of which a motor vehicle is a part, shall, when operated upon a highway, have a gross weight exceeding seventy-three thousand two hundred eighty (73,280) pounds."

Section 903(c) provides as follows:

"No combination of which a commercial motor vehicle or truck tractor having a registered gross weight is a part shall, when operated upon a highway, have a gross weight exceeding the sum of (1) the registered gross weight of the commercial motor vehicle or truck tractor plus (2) the registered gross weights, if any, of the other vehicles in the combination. This subsection shall not apply to a combination of a commercial motor vehicle or truck tractor and a mobilehome, house trailer, office trailer or a fertilizer trailer of less than ten thousand (10,000) pounds gross weight."

Section 903(a) provides that the maximum weight permitted on Pennsylvania highways is to be 73,280 pounds. No one is permitted without a special permit to travel on the highways with a gross weight exceeding that amount.

42

Section 903(c) also contains "overweight" prohibitions, but of a different kind. In order to understand Section 903(c), it is first necessary to point out that *residents* of Pennsylvania are required, when registering certain commercial motor vehicles, to register a "gross weight" for that vehicle. Nonresidents of Pennsylvania, even though driving commercial vehicles in Pennsylvania, are not required to register a "gross weight" for their commercial motor vehicles in Pennsylvania. Act of April 29, 1959, P.L. 58, § 410(e), 75 P.S. § 410(e). The maximum gross weight for which a resident registers a vehicle determines the amount of registration fee which must be paid to the Commonwealth of Pennsylvania for that vehicle. The gross weight registered may not exceed that which the vehicle is designed to handle nor may it exceed the 73,280 pounds gross weight limit of 903(a) even if the vehicle is designed to handle a greater weight. One may, however, register the motor vehicle for a gross weight *less* than the total gross weight for which the vehicle could be registered. By doing so the owner pays a smaller registration fee than would be paid if that motor vehicle were registered for its maximum permissible gross weight.

Thus, if a resident of Pennsylvania has a motor vehicle which qualifies for a gross weight allowance of 73,280 pounds, and the vehicle is registered for that weight and the proper fee paid, that person would be permitted a gross weight on the highways of Pennsylvania of 73,280 pounds. On the other hand, if that vehicle, although qualifying to be registered for a gross weight of 73,280 pounds, is registered, at the option of the owner, at the lesser weight of 50,000 pounds, that vehicle would be in violation of the Motor Vehicle Code if it were on the highways carrying 73,280 pounds. The violation would not be of Section 903(a) because there is no violation under that section so long as the gross weight does not exceed 73,280 pounds. It would, however, be a violation of Section 903(c) because the 73,280 pounds would be in excess of the registered gross weight.

It can thus be seen that Section 903(a) concerns itself primarily with what we will call for purposes of this opinion

a *highway safety overweight.* On the other hand, Section 903(c) concerns itself with a *registration fee overweight.* One could, of course, be in violation of both sections simultaneously. This would be the case if a resident of Pennsylvania were traveling on the highways of Pennsylvania with a gross weight in excess of 73,280 pounds. Since no registration is normally permitted above 73,280 pounds, a weight in excess of that figure could be in violation of Section 903(a), as well as Section 903(c), since that vehicle could not have been registered for any weight above 73,280 pounds.

If, however, a vehicle were carrying a gross weight of 73,280 pounds, or less, there could be a violation of Section 903(c) if the weight carried is in excess of the registered gross weight of the vehicle, but there would be no violation of Section 903(a).

Aside from understanding the differences between Section 903(a) and Section 903(c), it is also important to note that the appellee in this case was *not* a resident of Pennsylvania, and because of that fact, the appellee was not required to register his vehicle in Pennsylvania, or pay any registration fee for his motor vehicle to Pennsylvania. Appellee had, however, registered his vehicle in New Jersey, which, it appears from the record has registration provisions similar to Pennsylvania's. In compliance with the requirements of his state, appellee registered his vehicle in New Jersey for a gross weight of 50,000 pounds, even though it qualified for a higher gross weight registration.

The trial court's remarks before announcing its verdict indicate that it was aware of these two different kinds of overweight violations. Immediately before announcing the verdict the trial court said: (the verdict is repeated here so that it can be viewed in context).

"THE COURT: I have listened to the testimony and I believe that this was a five axle rig. I feel that the penalty is just outlandish for this kind of situation especially because the rig could have been driven on the highways at no more risk to the public, and no more damage to the surface of the highways. This was a big

fish that was caught, and obviously you are fighting for the money, and I think there is something wrong about that. *I think the question is whether or not there has been a violation.*

I also understand that the scales are so designed as to get at the evil of the truckers who would take additional weight and avoid the registration fees. This is wrong, and that is why the scales are there.

*This is a New Jersey registration. If this were a case where the truck was not capable of carrying the weight, that is a different situation.* We did not have evidence of that kind.

[PROSECUTOR]: I am going to find the man guilty of the offense and find the overweight was 1700 pounds and impose a fine of $60 and cost upon the defendant.

[PROSECUTOR]: Your Honor, the fine would be double in any event on the overweight, so the fine would actually be $120.

THE COURT: What section?

[DEFENSE COUNSEL]: Section 903. Anytime a vehicle is over the amount, allowable weight of 73,280, the fine is double, sir.

[PROSECUTOR]: It's 903 and it's under the Penal Section, it would be—

[DEFENSE COUNSEL]: We agree, Your Honor, that is the law.

THE COURT: Yes, I suppose it is part of the Penal Section.

All right, the fine then imposed is $120. Thank you.

. . . . .

(Whereupon the hearing was concluded)." (Emphasis added.)

A reading of the verdict in context in the transcript in which it appears indicates that it was not a verdict finding appellee guilty of violating the *registration fee* overweight provision.

██ Admittedly, the trial judge's remarks may be confusing, but this Court should not assume or presume a

verdict of guilty of a violation unless the record is clear that such a verdict was entered. In the portion of the transcript quoted, the trial judge stated "I think the question is whether or not there has been a violation." This doubt expressed by the trial judge could only be referring to his doubt as to whether or not there had been a violation of Section 903(c). The trial judge further stated:

> "This is a New Jersey registration. If this were a case where the truck was not capable of carrying the weight, that is a different situation. We do not have evidence of that kind."

Although not free from all doubt, it reasonably appears that the trial judge did not think that a New Jersey resident, who had no legal obligation to register his motor vehicle in Pennsylvania, could be found guilty of violating the registration overweight provisions of Section 903(c), which, the trial court felt were applicable only to Pennsylvania residents. Moreover, in the colloquy following the verdict, there is no reference to Section 903(c) only to 903. In any event, we must accept the verdict entered by the trial court, and that verdict as previously pointed out said:

> "I am going to find the man guilty of the offense and find the overweight was 1700 pounds. . . ."

This is the only verdict that appears at the conclusion of the trial and we are not free to enter our own verdict instead of accepting the verdict of the trial judge, regardless of any section reference.

In a criminal trial, speculation and guesswork have no place in determining a verdict. Any doubts must be resolved in favor of the defendant. A judgment of sentence can only be imposed upon the verdict entered, not upon a verdict which *might* have been entered, or *could* have been entered, or *should* have been entered. The only verdict entered was that appellee was 1700 pounds overweight. We are bound by that verdict.

We note further that in his opinion, filed on November 19, 1974, more than three and one-half months after the verdict was entered, the trial judge explained the verdict as we

have done above. In that opinion, the trial judge explained that he meant to calculate the difference between Pennsylvania's *safety* weight allowance of 73,280 pounds so that the verdict should have read that appellee was 420 pounds overweight rather than 1700 pounds.

The prosecution attempts to find support in the trial judge's opinion filed three and one-half months after the verdict for its contention that the appellee was found guilty of being 23,700 pounds overweight and violating Section 903(c). There is no question that the trial judge's opinion contains the following paragraph:

"Under the testimony presented to the Hearing Judge, there was no question that the [appellee] was guilty of the offense charged. Section 903(c) provides:

'No combination of which a commercial vehicle or truck tractor having a registered gross weight is a part shall, when operated upon a highway, have a gross weight exceeding the sum of (1) the registered gross weight of the commercial motor vehicle or truck tractor plus (2) the registered gross weights, if any, of the other vehicles in the combination. . . .'

The [appellee] did in fact carry weight exceeding the 50,000 pounds for which his rig had been registered, and exceeding the permissible maximum of 73,280 pounds."

The above paragraph from the trial judge's opinion is referred to by the prosecution as evidence that the verdict entered in this case was a verdict finding the appellee guilty of violating Section 903(c). We do not agree. The prosecution is misreading the above excerpt outside the context of the trial court's complete opinion. A reading of the complete opinion makes it clear that the trial court was aware that there are two different overweight violations—the *highway safety* overweight violation under Section 903(a), and the *registration fee* overweight violation under Section 903(c)—and that the trial judge did not find the appellee guilty of violating Section 903(c). Read in context of the total opinion, the paragraph previously quoted was meant by the trial judge to mean that appellee had violated Section

903(c) because he was carrying more weight than the New Jersey registration allowed. Later in the opinion, the trial judge makes clear that he did not think Pennsylvania had the right to enforce New Jersey registration laws. Further, that he did not think that Pennsylvania could punish one for violating the law of New Jersey. In concluding his opinion, the trial judge specifically said:

> "It follows that the Commonwealth [of Pennsylvania] should have no power to *penalize an infraction of a sister state's fee schedule. This, in effect, is what was done here.*" (Emphasis added.)

A reading of the trial judge's complete opinion, and the verdict entered on August 2, 1974, makes it clear that the trial judge concluded appellee had not violated Section 903(c) because in the trial court's opinion that Section applies only to Pennsylvania residents, and not to New Jersey residents. The complete opinion of the trial court is found in the appendix to this opinion. Portions of that opinion indicating that the trial court concluded that a nonresident could not be found guilty of a *registration fee* overweight violation have been italicized by this Court. There is no need for us to consider whether the trial judge's conclusion was correct, since the prosecution has raised no issue concerning whether Section 903(c) can constitutionally be applied to a New Jersey resident who is not required to register his motor vehicle in Pennsylvania.

We also note that the original citation issued against the appellee referred only to 903(c) and did not refer to 903(a). Appellee's counsel in filing his appeal, in the Court of Common Pleas, likewise did not refer to 903(a) but said "[t]he nature of the charge is overweight vehicle, Section 903(c) of the Motor Vehicle Code." Appellee however has filed no appeal from his judgment of sentence and thus we do not have before us whether appellee could be properly convicted of violating Section 903(a) without being charged under that section.

Judgment of sentence affirmed.

48

EAGEN, C. J., and O'BRIEN and NIX, JJ., concurred in the result.

POMEROY, J., filed a dissenting opinion.

JONES, former C. J., did not participate in the consideration or decision of this case.

APPENDIX

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY

CRIMINAL DIVISION

| COMMONWEALTH OF PENNSYLVANIA | : | NO. 85 OF 1974 SESSIONS |
|---|---|---|
| | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | APPEAL FROM SUMMARY |
| CHARLES W. DUNN | : | CONVICTION |

MEMORANDUM OPINION

Following his conviction before a justice of the peace for an alleged violation of the overweight provisions of the Vehicle Code, the appellant, Charles W. Dunn, filed his appeal with this Court. After hearing, the appellant was found guilty and a fine was imposed in a sum far less than that set by the justice of the peace. It is from the decision of the Hearing Judge relating to the amount of the fine, that the Township of Bensalem has filed this appeal to the Superior Court in the name of the Commonwealth of Pennsylvania.

At the time of the offense, August 9, 1973, the appellant, a New Jersey resident, was driving his 1969 White tractor-trailer five axle rig, loaded with rolls of paper, upon U.S. Route 1, Bensalem Township, this county. A Bensalem Township police officer stopped the vehicle, caused it to be

weighed, and learned that the gross weight was 73,700 pounds, 420 pounds above the maximum gross weight of 73,280 pounds which is permitted upon Pennsylvania highways without special permit. The officer discovered, as well, that the rig had been registered in the State of New Jersey for an allowable gross weight of 50,000 pounds. Notwithstanding the fact that it was of the size and nature which might have been registered in Pennsylvania at the permissible maximum of 73,280 pounds, the arresting officer charged the appellant with having violated Section 903(c) of the Code, 75 P.S. 903(c), and calculated the excess weight as 23,700 pounds, based upon which the justice of the peace levied a fine of $4,700.

The undisputed evidence revealed that the appellant had leased himself and equipment to James Stuffo Inc., a New Jersey corporation, for a continuous period beginning some four years prior to the incident. Both the appellant and the general manager of the shipper testified that prior to August, 1973 appellant had hauled only milk cartons and aluminum windows. Both testified that on August 9, 1973, the date of the arrest, the general manager of James Stuffo Inc., for the first time sent appellant to pick up a cargo of paper rolls. It was this load he was carrying at the time of his arrest. The appellant further testified that immediately following his arrest he re-registered the equipment in New Jersey at 72,000 pounds.

Under the testimony presented to the Hearing Judge, there was no question that the appellant was guilty of the offense charged. Section 903(c) provides:

"No combination of which a commercial vehicle or truck tractor having a registered gross weight is a part shall, when operated upon a highway, have a gross weight exceeding the sum of (1) the registered gross weight of the commercial motor vehicle or truck tractor plus (2) the registered gross weights, if any, of the other vehicles in the combination . . . ."

The appellant did in fact carry weight exceeding the 50,000 pounds for which his rig had been registered, and exceeding the permissible maximum of 73,280 pounds.

Turning to the penalty provisions of Section 903 it is seen that "any person operating any vehicle or combination, upon any highway, with a gross weight . . . exceeding by more than three (3) per cent the maximum gross weight allowed therefor by subsection . . . (c) shall upon summary conviction before a magistrate be sentenced to pay . . ." a fine in accordance with the schedule following those words. The schedule, in part, provides that if the excess is not over 3,000 pounds the fine shall be $60.00. In the event the excess is above 6,500 pounds the fine is provided to be $600. plus $50.00 for each additional 500 pounds or part thereof in excess of such 6,500 pounds; and provided further, that where the gross weight exceeds 73,-280 pounds, the fine "shall be double the amount determined"; in accordance with the schedule. It is readily seen that the justice of the peace calculated the fine upon the basis of a 23,700 pound excess; i. e., the difference between the actual weight, 73,700 pounds, and the registered weight, 50,000 pounds. Obviously, had the vehicle been registered at 72,000 pounds as it was immediately after the offense, the overweight would have amounted to 1,700 pounds resulting in a fine of $120.00 rather than $4,700. The same $120.00 fine would have obtained had the vehicle been registered, as it might have been in Pennsylvania, at 73,280 pounds.

Stripped of all pretenses, in reality the fine sought to be imposed here for the benefit of the Township by reason of the excess weight carried upon a state highway, is imposed for the appellant's having failed to pay the State of New Jersey a greater registration fee than the sum he had paid for the 50,000 pound registration. Had the vehicle been registered in Pennsylvania (using the closest registration figures) a fee of $380.00 would have been paid for a registration of 52,000 pounds and a fee of $535.00 for a registration of 73,280 pounds. The difference in this illustration is

$155.00.[1] And we may surmise that substantially similar registration fees are provided for in the State of New Jersey.

Certainly the Commonwealth has the power to fix and assess reasonable registration fees upon those who exercise the privilege of operating vehicles of all kinds upon the highways. And no one would deny the reasonableness of the fee schedule, imposing, as it does, increasingly larger registration fees upon those vehicles which common sense tells us tend to bring increasingly greater wear to the road surface. Nor should complaint be made about the fines which the Legislature has determined are appropriate as penalties for violation of the maximum load limits, for here, not only do we consider wear and tear upon our highways, but even more importantly the danger of injury which such overloading threatens to lawful users of the highway.

It must be remembered that the purpose of the fee section is in large part to provide funds with which the highways of this Commonwealth may be constructed and maintained in good repair. On the other hand, the purpose of the overweight provisions of the Code is two-fold—both to protect the highways and bridges of the Commonwealth from unnecessary damage—and to ensure the safety of those traveling upon the highways. Accordingly, the decision to graduate fines according to the amount of overweight, instead of imposing flat rates for each violation, just as in the case of imposing graduated registration fees, is reasonable and has been held constitutional. *Commonwealth v. Smith,* 409 Pa. 521 (1963). But Section 903 of the Code must be given "a reasonable construction consistent with the general purposes of the statute." *Commonwealth v. Curley,* 189 Pa.Super. 506, 509 (1959).

With these principles in mind we must remember that *we are here dealing with a two-fold problem, each facet of which, in the judgment of the Hearing Judge, must be considered separately.* On the one hand, the resident owner of a large tractor-trailer rig which is capable of carrying the

1. See 75 P.S. 704(a).

legal weight limit should be obliged to pay an appropriate annual registration fee to the Commonwealth. On the other hand, such owner should also be obliged to confine his load to the legal maximum weight limit set for the vehicle in question. In each instance a penalty for a violation of the statutory requirement is appropriate—be it for the failure to pay a proper registration fee—or for a violation of the overweight provisions. *But the two violations are different in nature, and spring from different legislative purposes, and should not be confused and intermingled.*

Here the appellant failed to pay the State of New Jersey the few additional dollars collectible upon a 72,000 pound registration over that sum which he had paid for his 50,000 pound registration. As noted heretofore, in Pennsylvania the amount involved would be $155.00 for similar weight registrations. His load far exceeded the 50,000 pound registration limit. *This would no doubt be a violation of the laws of the State of New Jersey,* for that state, in the exercise of its police power, is entitled, as is Pennsylvania, to fix and collect registration fees and to assess appropriate penalties for a violation of its registration fee laws. *The Commonwealth of Pennsylvania, however, was never entitled to any portion of the registration fee which, by the laws of New Jersey, had been imposed for the 50,000 pound gross weight registration. The Commonwealth of Pennsylvania has not been injured in any fashion by the owner's deceit,* if that is what it was, in carrying this isolated load, or others, over the New Jersey highways. And the Township of Bensalem should not be permitted to be the beneficiary of an unconscionable penalty *for what so obviously appears to be, in part, a technical violation of the New Jersey registration laws.*

The Hearing Judge was, and is, of the opinion that the attempt to levy a $4,700. penalty for such an alleged infraction of Section 903(c) amounts to confiscation of the appellant's property without due process of law and cannot be upheld. He is of the opinion, as well, that the application of the overweight penalty provisions to the circumstances of

this case reveals a clear violation and denial of the appellant's equal protection rights.

Having this view, and having found the appellant guilty of an overweight offense, he applied the overweight penalty schedule using 72,000 pounds as a base on the perhaps erroneous assumption that such figure represented the apparent maximum weight registration allowed in the State of New Jersey. He thus found the overweight to have been 1,700 pounds and the proper fine to be $120.00 the $60.00 minimum being doubled as provided in Section 903, by reason of the weight having exceeded the maximum allowable in the Commonwealth. Upon reflection he believes that his calculations should have been based upon 73,280 pounds, the registration which the rig might have secured in this Commonwealth, and not upon 72,000, although the resulting fine in each case would have been the same.

It is well known, though perhaps little discussed, that overweight violations are much sought after by certain municipalities in this county—and no doubt throughout the Commonwealth. But are the enforcement efforts made for the laudable purposes which lie behind the statute? Perhaps so. But the perhaps equally, or greater, motivating force is to be found in the windfall fines—the trophies—which end up in the municipal treasuries. In fact some appeals, it is rumored, are "settled" by negotiations carried on between counsel for an owner convicted in summary proceedings of an overweight violation, and counsel for the municipality, by the municipality's negotiating a lower "fine" in exchange for the withdrawal of a pending appeal. Such negotiations and court "settlements" are undoubtedly illegal but illustrate the basic interest of the municipalities in overweight arrests and convictions. Most candid solicitors for the municipalities involved will readily admit the nature of this monetary interest. And it may be that the Legislature in its wisdom carefully framed the statute as it did to achieve the most zealous enforcement possible.

As indicated heretofore, the Commonwealth undoubtedly has the power and duty to regulate the manner and circum-

stances under which vehicles may be operated upon the highways so as to promote safety and protect the Commonwealth's interest in the roads and bridges which it owns. Laws such as overweight laws represent a valid exercise of the inherent police power of the Commonwealth. *Maurer et al. v. Boardman et al.,* 336 Pa. 17 (1939). However, neither the laws, nor the application thereof, may be capricious or arbitrary nor may they violate the fundamental rights of citizens of this country. They must have a real and substantial relationship to the object sought to be obtained.

Under the Equal Protection Clause of the 14th Amendment to the United States Constitution a state may make distinctions only upon the basis of reasonable classifications, and may not "deny to any person within its jurisdiction the equal protection of the laws". When the Commonwealth desires to impose widely disparate penalties upon individuals guilty of similar conduct, it must be able to demonstrate that the disparity is based upon some reasonable and relevant classification. *Wilson Appeal,* 438 Pa. 425, 431 (1970).

Certainly the imposition of overweight fines tends to deter truckers from violating the maximum weight regulations as they pertain to the various classifications of vehicles and thus have a reasonable relationship to the end sought to be achieved. Such fines are uniformly applied to all users of the Pennsylvania highway—to resident and nonresident alike. While severe as applied to the willful violator, they are modest enough in the case of slight overloading which, while it should in good business practice be avoided by the trucker, may often be an inadvertence. But the application of the overweight fine schedule in such a way that the owners of two identical truck-trailer combinations are subjected to different penalties, relating only to a registration fee, although each may be carrying the identical load and weight, is a violation of the Equal Protection Laws guaranteed to all citizens. It would seem to the Hearing Judge that no constitutionally valid distinction can be made between the situation of this appellant and that of the owner of an identical rig, carrying an identical load and weight,

merely because the appellant chose to register his equipment at 50,000 pounds whereas the owner of the hypothetical identical rig had registered his equipment at 73,280 pounds or, perchance, was a resident of a state in which each vehicle is registered at its maximum carrying capacity. To impose a fine of $4,700. in the first instance and a fine of $120.00 in the second instance would appear to be indefensible as well as unconscionable.

An obvious solution to future problems of this sort may be the fixing of a constant registration fee based upon the gross legally allowable weight the vehicle, or a combination of vehicles, may carry. The provision permitting the owner to register a vehicle at a lesser weight than its maximum carrying capacity is but an invitation, it would seem, for some to cheat the licensing body and perhaps should be discarded even though some might well complain that a rig which is employed to carry only eggs does not bring to bear upon the highways the weight and wear which comes from one engaged to carry only steel.

But so long as the optional registration fee remains on the books, a uniform penalty upon *a citizen of this Commonwealth* for carrying any weight above his rig's registered weight would be in order—just as would the existing penalties upon *citizens of any state* for carrying weight in excess of that which the vehicle is designed to safely carry. The result which would thus be obtained would then be equitable and not outrageous as in the case before the court. *In the first example* a penalty would then be imposed for the owner's having failed to pay a proper registration fee; *in the second a penalty* follows a violation of the overweight laws. It follows that the *Commonwealth should have no power to penalize an infraction of a sister state's fee schedule. This, in effect, is what was done here.*

BY THE HEARING JUDGE:

[S] J. J. Bodley

J.

November 19, 1974

(The trial court's original opinion added the emphasis to the words "citizens of this Commonwealth" and "citizens of any state" in the last paragraph.)

POMEROY, Justice, dissenting.

My scrutiny of the record compels me to conclude, contrary to the Court, that the appellee herein was in fact found guilty of a violation of Section 903(c), not Section 903(a) of the Motor Vehicle Code,[1] and that this was the correct finding under the evidence. I am also of the opinion, however, that the court of common pleas was in error in imposing a sentence appropriate to another violation of the Vehicle Code and not imposing the sentence called for by the penalty subsection.[2] Thus I conclude that the majority is also at fault when it upholds the lesser penalty on the theory that appellee was convicted below not for a Section 903(c) violation but for a Section 903(a) violation. Because this decision seems to me to undermine enforcement of the important weight limitations of the Motor Vehicle Code, I feel it necessary to dissent.

The relevant portion of the Motor Vehicle Code is Section 903.[3] Paragraph (a) of the section forbids the operation of any motor vehicle upon a Pennsylvania highway if the vehicle's gross weight exceeds 73,280 pounds.[4] Paragraph (c) of the section provides, in brief, that no vehicle shall be

1. Act of April 29, 1959, P.L. 58, § 101 et seq., as amended, 75 P.S. § 101 et seq. By the Act of June 17, 1976, P.L. 162, No. 81, § 1, the legislature renumbered former § 903(a) as 75 Pa.C.S.A. § 4941 and § 903(c) as § 4942. The text of both provisions is substantially unchanged. For the sake of convenience, this opinion will continue to use the section numbers that were in effect at the time of the commission of the violation under review.

2. See notes 6 and 8, infra.

3. 75 P.S. § 903, as amended (Supp.1976–77), now 75 Pa.C.S.A. § 4941.

4. Section 903(a) provides as follows:
"No motor vehicle, and no combination of which a motor vehicle is a part, shall, when operated upon a highway, have a gross weight exceeding seventy-three thousand two hundred eighty (73,-280) pounds."

operated on a Pennsylvania highway with a gross weight in excess of its registered gross weight.[5] Paragraph (k)[6] pro-

5. Section 903(c), now renumbered as 75 Pa.C.S.A. § 4942, provides as follows:

"No combination of which a commercial motor vehicle or truck tractor having a registered gross weight is a part shall, when operated upon a highway, have a gross weight exceeding the sum of (1) the registered gross weight of the commercial motor vehicle or truck tractor plus (2) the registered gross weights, if any, of the other vehicles in the combination. This subsection shall not apply to a combination of a commercial motor vehicle or truck tractor and a mobilehome, house trailer, office trailer or a fertilizer trailer of less than ten thousand (10,000) pounds gross weight."

6. Section 903(k), now renumbered as 75 Pa.C.S.A. § 4945, provides as follows:

"None of the provisions of this section shall apply to fire department equipment or to a motor bus or motor omnibus.

"Penalty.—Any person operating any vehicle or combination, upon any highway, with a gross weight exceeding the maximum gross weight allowed therefore by subsection (a), or with a gross weight exceeding by more than three (3) percent the maximum gross weight allowed therefor by subsection (b), (c), (d) or (f.1), or with an axle or wheel weight exceeding by more than three (3) percent the maximum axle or wheel weight allowed therefor by subsection (g) or (h), shall, upon summary conviction before a magistrate, be sentenced to pay the costs of prosecution and a fine for all excess above the maximum weight allowed according to the following table:

| "If the excess is | The fine shall be |
|---|---|
| Not over 3,000 pounds | $ 60.00 |
| Over 3,000 pounds, but not over 3,500 pounds, | 120.00 |
| Over 3,500 pounds, but not over 4,000 pounds, | 140.00 |
| Over 4,000 pounds, but not over 4,500 pounds, | 240.00 |
| Over 4,500 pounds, but not over 5,000 pounds, | 270.00 |
| Over 5,000 pounds, but not over 5,500 pounds, | 400.00 |
| Over 5,500 pounds, but not over 6,000 pounds, | 440.00 |
| Over 6,000 pounds, but not over 6,500 pounds, | 600.00 |

"If the excess is over six thousand five hundred (6,500) pounds, the fine shall be six hundred dollars ($600.00) plus fifty dollars ($50.00) for each additional five hundred (500) pounds, or part thereof, over such six thousand five hundred (6,500) pounds: Provided, That in any case in which the gross weight of a combination exceeds seventy-three thousand two hundred eighty (73,280) pounds, the fine shall be double the amount determined as hereinabove prescribed for other weight violations: And provided further, That in any case, in which there shall be concurrent violations of more than one (1) of the subsections of this section prescribing maximum weights, the penalty imposed shall be for violation of

vides for summary conviction for violation of the weight limitations in Section 903 and stipulates the fines which shall be imposed upon conviction. It also provides that if there are concurrent violations of more than one subsection of Section 903, "the penalty imposed shall be for violation of that subsection which produces the greatest fine, but no penalty shall be imposed for violation of any other such subsection."

On August 9, 1973, Charles W. Dunn, the appellee, was driving his 1969 White tractor-trailer five axle rig, loaded and with a gross weight later determined to be 73,700 pounds, on U.S. Route 1 in Bucks County. In Bensalem Township Mr. Dunn was stopped by a local police officer who led him to a nearby weighing station. Having determined that the vehicle was registered in New Jersey [7] for a gross weight of only 50,000 pounds, the officer issued to appellee a traffic citation which described the nature of the offense as follows: "Overweight. Allowed 50000 #, weighs 73700 #." A justice of the peace tried Dunn, found him guilty and fined him $4,700.[8]

that subsection which produces the greatest fine, but no penalty shall be imposed for violation of any other such subsection."

7. Sections 401 and 410 of the Motor Vehicle Code, 75 P.S. §§ 401, 410, require that all vehicles operated on highways in this Commonwealth be registered here unless registered with another state with which Pennsylvania has a reciprocal agreement. According to CCH State Motor Carrier Guide ⸱ 9539 at p. 5883, Pennsylvania has such reciprocal agreements with all other states except Arizona.

8. This penalty was apparently calculated under Section 903(k) of the Code by doubling the appropriate fine for the single offense of driving a vehicle having a gross weight of 23,500–24,000 pounds in excess of its registered weight. See n.6, *supra*. This method of computation was in error. According to my calculation, the correct fine under Sections 903(c) and 903(k) would be $2,350. The miscalculation is explained as follows:

The penalty for a violation of *both* 903(a) and 903(c) at the same time is calculated according to the table established in Section 903(k) first by calculating the proper penalty for the violation of Section 903(c) *only*. In this case, the correct fine for the 23,700 pounds of weight in excess of appellee's registered weight was $2,350. The alternative calculation for the violation of Section 903(a) by appellee shown by the same facts would be a total fine of $120; appellee's truck was 420 pounds over the absolute maximum gross weight

Dunn appealed his conviction to the court of common pleas. After a *de novo* hearing, the trial judge found Dunn guilty of violating the Code and, as above stated, imposed a fine of $120. The Commonwealth appealed, arguing that the trial judge erred in holding that the penalty provisions of Section 903(k) were unconstitutional as applied to appellant, and that the penalty imposed was therefore incorrect as a matter of law.[9]

In support of its conclusion that the appellee was found guilty by the court of common pleas of a violation of Section 903(a) of the Code rather than of Section 903(c), the majority has quoted a portion of the colloquy between the trial judge and counsel which took place after the defendant had rested, and from this alone concludes that the trial judge found the defendant guilty only of a Section 903(a) violation. An examination of the entire record belies this conclusion.

established by that section. The tables provide that the fine for an excess weight of up to 3,000 pounds is $60 and the first proviso requires that the fine for this subsection only shall be doubled so that the total fine would be $120. The last proviso to 903(k), see n.6, *supra*, requires that the violator pay only the larger of these two possible fines. It is not appropriate to double the fine set under 903(c) where a 903(a) violation is also involved because this would be imposing a fine for both violations, which the subsection specifically forbids. This is where, in my opinion, the justice of the peace fell into error.

9. The trial court held that the penalty mandated by Section 903(k) of the code for a violation of 903(c) could not constitutionally be applied to a nonresident driver in Pennsylvania. The Commonwealth's appeal from that order was erroneously filed in the Superior Court. See Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, § 202(9), 17 P.S. § 211.202(9) (Supp.1977–78), which provides that this Court shall have exclusive jurisdiction of appeals in "[m]atters where the court of common pleas has held invalid as repugnant to the Constitution . . . of the United States . . any act of Assembly of this Commonwealth . . ." The Superior Court therefore properly transferred the appeal to this Court pursuant to Section 503(b) of the Appellate Court Jurisdiction Act, *supra*, 17 P.S. § 211.503(b).

The majority's statement that "the prosecution has raised no issue concerning whether Section 903(c) can constitutionally be applied to a New Jersey resident," opinion of the Court, *ante* at 47, is erroneous. What the Commonwealth calls "the alleged equal protection specter raised in this case" is discussed in its brief at pp. 10–11.

In the first place, the notice of appeal from the summary judgment to the court of common pleas clearly noted that the appeal was from a conviction under Section 903(c) of the Code: it made no mention whatever of a Section 903(a) conviction. *See* record at p. 2. In the second place, at the trial *de novo* there was introduced the defendant's statement made at the time of his arrest that, although he had known that his vehicle could have been registered for as much as 72,000 pounds in New Jersey, he had chosen to register at the lesser weight because of the lesser cost involved, and to pay only for a lower weight limit.

The majority quotes the remarks made by the trial judge at the conclusion of the trial as indicating that the guilty verdict pertained to a Section 903(a) violation because the overweight was found to be but 1700 pounds and the fine was fixed at but $120. *See* opinion of the Court, *ante* at 43. While admittedly the quoted colloquy is not entirely unambiguous, I cannot agree that it demonstrates that the trial court intended to or did in fact find the defendant guilty of a Section 903(a) violation rather than a Section 903(c) violation. It must be remembered that the evidence at the trial,[10] including the defendant's own admission, was clearly sufficient to support a conviction on the only offense with which Dunn had actually been charged.[11] Looking, as properly we may,[12] to the trial court's opinion for interpretation

10. The evidence was sufficient to have supported convictions for violation both of Section 903(a) and Section 903(c), although Dunn was charged only with the latter offense. His violation of paragraph . (a) was driving a vehicle having a gross weight of 420 lbs. in excess of the maximum allowable for *any* vehicle; his violation of paragraph (c) was driving a vehicle having a gross weight of 23,700 pounds in excess of its registered weight.

11. A defendant cannot, of course, be convicted of an offense with which he has not been charged. See, *e. g., United States v. Petti,* 459 F.2d 294 (3d Cir. 1972). I would give the trial judge in this case credit for awareness and observance of this fundamental principle.

12. *I cannot agree with the intimations in the opinion of the Court* that the opinion of the trial court, merely because filed after this appeal was taken, is rendered suspect as a guide to what the trial judge intended and what was in fact accomplished at the time of rendering verdict and imposing sentence. Opinions of trial courts

of its action, it clearly appears that the reference to the 1700
pounds of overweight was intended as a reference to the
*method of calculating the applicable fine* and that the of-
fense involved was a Section 903(c) violation.[13]   Thus I
cannot agree with the majority that a reading of the verdict
colloquy in context shows that "it was not a verdict finding
appellee guilty of violating the registration fee overweight

are not required unless and until an appeal is taken and the trial
judge is duly notified of that fact.   See Pa.R.A.P. 1925(a).   The
reason for requiring an opinion of the trial court, of course, is
because of the assistance it may be to the appellate court in under-
standing the reasoning of the court of original jurisdiction in taking
the actions complained of on appeal.

13.   The following excerpts from the opinion below are relevant:
   "Under the testimony presented to the Hearing Judge, there was
no question that the appellant was guilty of the offense charged.
Section 903(c) provides:
'No combination of which a commercial vehicle or truck tractor
having a registered gross weight is a part shall, when operated
upon a highway, have a gross weight exceeding the sum of (1) the
registered gross weight of the commercial motor vehicle or truck
tractor plus (2) the registered gross weights, if any, of the other
vehicles in the combination.   .   .   .'
The appellant did in fact carry weight exceeding the 50,000 pounds
for which his rig had been registered, and exceeding the permissi-
ble maximum of 73,280 pounds."   Record at 51a 52a.
The trial judge concluded:
   "The attempt to levy a $4,700 penalty for such an alleged
infraction of Section 903(c) amounts to confiscation of the appel-
lant's property without due process of law and cannot be upheld.
He [the trial judge] is of the opinion, as well, that the application of
the overweight penalty provisions to the circumstances of this case
reveals a clear violation and denial of the appellant's equal protec-
tion rights.
   "Having this view, and having found the appellant guilty of an
overweight offense, *he* [the trial judge] *applied the overweight
penalty schedule using 72,000 pounds as a base on the perhaps
erroneous assumption that such figure represented the apparent
maximum weight registration allowed in the State of New Jersey.
He thus found the overweight to have been 1,700 pounds and the
proper fine to be $120,* the $60 minimum being doubled as provided
in Section 903, by reason of the weight having exceeded the
maximum allowable in the Commonwealth."   Record at 56a.   (em-
phasis added).
   The trial court went on to indicate that its overweight calculation
should have been based on 73,280 pounds, not 72,000 pounds, al-
though the resultant fine would be the same in either case.

provision," *ante* at 61. To me it is plain that the verdict was just that.

Since I am convinced that the trial court in fact found Dunn guilty of a Section 903(c) violation, it is necessary now to examine the theory on which it based the penalty of $120 imposed for that violation.

The trial court's opinion discloses that the penalty prescribed by Section 903(k) of the Code was deemed to be unconstitutional as applied to non-residents of Pennsylvania on two grounds: (1) it was a confiscatory measure and as such violated the due process clause; and (2) it violated foreign motorists' rights to equal protection of the laws. Accordingly, the court believed that the overweight should be calculated as the difference between New Jersey's maximum vehicle weight and the actual weight of appellee's vehicle at the time he was arrested in Pennsylvania (1700 pounds).

There can be no doubt that Section 903(c) of the Motor Vehicle Code does apply to appellee's vehicle, as it does to any motor vehicle regardless of where it is registered. Clearly the Commonwealth has the power to regulate the use of its roads in this manner.

> "The purpose of the overweight provision[s] . . . is to protect the highways of the Commonwealth from damage and to insure the safety of those traveling upon the highways. *Commonwealth v. Burall*, 146 Pa.Super. 525, 22 A.2d 619 (1941); *McDonald v. Pennsylvania R. Co.*, 210 F.2d 524 (3d Cir. 1954). The fine provision, of course, is designed to deter potential violators." *Commonwealth v. Smith*, 409 Pa. 521, 525, 187 A.2d 267, 270 (1963).

In *Commonwealth v. Smith, supra*, we specifically rejected the argument that the schedule of fines mandated by Section 903(k) was excessive or unreasonable in light of its purpose. I would reaffirm that ruling today and, in addition, hold that imposition of such fines on drivers of vehicles registered outside of this Commonwealth does not involve any equal protection problem; a driver of a vehicle registered in this Commonwealth with a total load of 23,700

pounds in excess of its registered gross weight would obviously be subject to exactly the same penalty as should have been imposed upon this appellee as a driver of a foreign vehicle.

I agree with the Commonwealth that the provisions of Section 903(k) are mandatory and that no discretion as to the amount of the fine to be imposed is left to the courts. Thus the modification of the fine made by the trial court and today approved by this Court was without authority.

I would affirm the conviction of appellee under Section 903(c) of the Motor Vehicle Code and remand to the trial court to impose a fine in accordance with Section 903(k) of the Code, *viz.*, $2,350.