432 A.2d 1059

COMMONWEALTH of Pennsylvania

v.

Randall F. STEINER.

Appeal of CITY OF CHESTER.

COMMONWEALTH of Pennsylvania

v.

Randall F. STEINER, Appellant.

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed July 17, 1981.

Edward J. Zetusky, Jr., Assistant City Solicitor, Chester, for City of Chester, appellant at No. 2484 and for Commonwealth, appellee at No. 2554.

Robert F. Pappano, Chester, for Steiner, appellant at No. 2554 and for appellee at No. 2484.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

VAN der VOORT, Judge:

On March 31, 1978, Randall Steiner was operating a tractor-trailer combination in the City of Chester. A police officer noticed the rear tires were bulging and stopped the vehicle. The officer observed that the tractor bore no registration plates; the trailer did bear current registration.[1] Subsequently it was determined that the tractor had been registered in Pennsylvania for a gross weight of 73,280 pounds but its registration had expired more than a year earlier. Such registration was reinstated a month after the above incident.

Steiner was instructed by the police to proceed to the city scales where the combination weighed in at 77,320 pounds. The officer after determining that the registration had expired, determined the vehicle to have a permitted gross weight of zero. Accordingly he calculated the rig to be overweight by 77,320 pounds. The officer issued a citation charging Steiner with violating Section 4942(a) of the Motor Vehicle Code (75 Pa.C.S. § 4942(a)), which reads:

(a) Single vehicle limits.—No vehicle registered as a truck, a combination or a trailer shall be operated with a gross weight in excess of its registered gross weight.

The officer set the fine at $22,500.[2]

A hearing was held before a district justice after which Steiner was found guilty and fined $22,500 and ordered to

1. While the trailer was registered, it was registered without a maximum gross weight. The practice in Pennsylvania is to register the tractor for a gross weight for the combination while registering the trailer without a gross weight. 75 Pa. S.C. § 1304(f).

2. Penalties for exceeding maximum weights
    (a) Gross weight violations.—Any person operating a vehicle or combination upon a highway exceeding the maximum gross weight allowed by section 4941 (relating to maximum gross weight of

pay the costs. Steiner filed an appeal to the Court of Common Pleas of Delaware County requesting a de novo hearing. The court found Steiner guilty and imposed a fine of $600[3] plus costs. Both parties have appealed from the order of the lower court.

The Commonwealth argues that the court imposed a lesser fine than required by the Vehicle Code: Act of June 17, 1976, P.L. 162, No. 81, § 1, 75 Pa.C.S. § 101 et seq. Steiner argues he should not have been adjudicated guilty, first because section 4942(a) is only applicable to Pennsylvania registered vehicles, which his was not; and secondly because the Commonwealth failed to prove beyond a reasonable doubt that the scales were within two miles from the place where the alleged violation was detected or that the scales were accurate.

Before proceeding we find it necessary to define several words and phrases as they are defined by § 102 of the Vehicle Code.

"Registered Gross Weight." The maximum gross weight at which a vehicle or combination is *registered in this Commonwealth* to operate upon a highway. (Emphasis added).

"Registration". The authority for a vehicle to operate on a highway as evidenced by the issuance of an identifying card and plate or plates.

■ The Commonwealth argues that the tractor truck was registered in Pennsylvania, but since it was registered for a

vehicles) or the registered gross weight allowed by section 4942 (relating to registered gross weight), whichever is less, is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $75 plus $75 for each 500 pounds, or part thereof, in excess of 3,000 pounds over the maximum or registered gross weight allowed. If the gross weight of any vehicle or combination exceeds 73,280 pounds, the fine shall be double the amount for other weight violations. 75 Pa.S.C. § 4945(a)

The officer calculated the fine for an excessive weight of 77,320 pounds.

3. The court imposed the fine after finding Steiner overweight by 4,040 pounds; the actual gross weight of 77,320 pounds less the registered gross weight of 73,280 pounds.

gross weight of 73,280 pounds which had expired, the vehicle remained registered for a gross weight of zero pounds. The Commonwealth's position is unacceptable. Either the vehicle remained registered in Pennsylvania for a gross weight of 73,280 or else the vehicle was no longer registered in this state. The prosecution cannot on one hand claim that the tractor was still registered while on the other hand argue that since the registration was not maintained that the registered gross weight was different than that for which it was registered.

■ Steiner contends that since the registration expired, the rig no longer had a registered gross weight in Pennsylvania. Accordingly, he claims he could not exceed the registered weight. Unless a tractor is registered in Pennsylvania, it cannot be in violation of § 4942(a). *Commonwealth v. Dunn*, 478 Pa. 35, 385 A.2d 1299 (1978).

The Court of Common Pleas of Chester County was faced with a similar situation in *Commonwealth v. Serrbocco*, 1 Pa. D. & C.3d 507 (1976). There a validly registered trailer was pulled by a tractor truck which had an expired registration. The court there held that the rig could not exceed its registered maximum gross weight since the registration had expired. The court refused to close the "loophole" left open by the legislature. The Act itself was found to allow an owner to avoid the expense of registration and insurance by subjecting itself and the driver to possible liability under § 1301 for driving an unregistered vehicle.[4]

Mr. Justice Manderino referred to the purpose of § 4942(a) as "registration fee overweight". 478 Pa. at 46, 385 A.2d 1299. The legislature had expressed its concern over truckers who attempt to deprive the state of revenues by the under-registration of their tractors. The owner in this case has gone a step further and has deprived the state of all registration fees. Such is the epitome of what the statute

4. In the present case the Commonwealth could have, but failed to, charge Steiner with violation of § 1301 and with violation of § 4941 *which prohibits any vehicle* from operating upon the highway with a gross weight in excess of 73,280.

was intended to discourage. Accordingly, we believe *Serrbocco* does not adequately consider the legislative intent behind the statute here involved, and so we decline to follow the decision of the Court of Common Pleas in that case.

"The statute prohibiting excess weight on motor vehicles is penal and is subject to the rule of strict construction. (Citation deleted). This does not mean, however, that it is to be given its narrowest meaning if such is directly contrary to the plain intention of the legislation." (Citation deleted). *Commonwealth v. Burall,* 146 Pa.Super. 525, 22 A.2d 619 (1941).

Our position here is supported by the Code. First, the Code delineates between the failure to maintain registration in Pennsylvania and the operation of a combination in excess of its registered gross weight; they are two separate violations. Also, the Code distinguishes between "registered gross weight" and "registration". As defined by the Code, "registration" *grants the authority* to operate a vehicle on the highway. Whereas, registered gross weight is defined as the weight for which a vehicle is registered to operate upon a highway, a registered gross weight does not in and of itself authorize a vehicle to be operated on a highway. A vehicle may be registered for a gross weight, just as a vehicle may be titled in Pennsylvania, but it may not be operated until registration is effectuated by the payment of the appropriate fees and issuance of the registration card. Finally, we note that under § 1307(d) of the Code, registration expires on the last day of the month designated on the registration card. Upon expiration, the authority to operate upon the highways of this Commonwealth is rescinded. However, the vehicle itself remains registered in Pennsylvania.

Therefore, if the Commonwealth's evidence demonstrated beyond a reasonable doubt that Steiner was guilty of violating § 4942(a) then the order of the lower court imposing a fine of $600 and assessing cost should be affirmed.

■ Steiner contends that the lower court should have sustained his demurrer at the close of the Commonwealth's

case because the prosecution failed to prove that the scales were within two miles from where his rig was stopped and failed to show the scales to be accurate.

The arresting officer testified that he measured the distance between the scales and the point where he stopped the tractor-trailer to be nine-tenths ($\frac{9}{10}$ths) of a mile. He relied on the speedometer of his car. It was admitted that the speedometer had not been certified. The officer did not have with him his original notation of the speedometer readings. Nonetheless, we believe the uncontradicted testimony demonstrated beyond a reasonable doubt that the scales were within the two mile requirement of § 4981. Finally, as to the certification of the scales, the weighing officer testified that the scales were certified by the Department of Agriculture, Bureau of Standards, Weights and Measures on January 10, 1978. The officer also stated that scales had been recertified after the date of the alleged violation. Defense counsel was given the certification to review. Therefore, the evidence was sufficient as to the accuracy of the scales. See *Commonwealth v. Caporiccio*, 210 Pa.Super. 230, 232 A.2d 42 (1967).

Order affirmed.